1   **BURSOR & FISHER, P.A.**
    L. Timothy Fisher (State Bar No. 191626)
2   Sarah N. Westcot (State Bar No. 264916)
    1990 North California Boulevard, Suite 940
3   Walnut Creek, CA  94596
    Telephone: (925) 300-4455
4   Facsimile:  (925) 407-2700
    E-Mail: ltfisher@bursor.com
5          swestcot@bursor.com

6   **BURSOR & FISHER, P.A.**
    Scott A. Bursor (State Bar No. 276006)
7   888 Seventh Avenue
    New York, NY  10019
8   Telephone: (212) 989-9113
    Facsimile: (212) 989-9163
9   E-Mail: scott@bursor.com

10  *Attorneys for Plaintiff*

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14  PATRICK HENDRICKS, individually and on     **C13-0729**
15  behalf of all others similarly situated,    Case No.

16                              Plaintiff,      **CLASS ACTION COMPLAINT**

17      v.

18  STARKIST CO.,                               **JURY TRIAL DEMANDED**

19                              Defendant.

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                          ORIGINAL

1    Plaintiff Patrick Hendricks ("Plaintiff") brings this action on behalf of himself and all
2    others similarly situated against Defendant StarKist Co. ("StarKist" or "Defendant").  Plaintiff
3    makes the following allegations pursuant to the investigation of his counsel and based upon
4    information and belief, except as to the allegations specifically pertaining to himself, which are
5    based on personal knowledge.

6    **NATURE OF ACTION**

7    1.      This is a class action lawsuit on behalf of purchasers of 5-ounce cans of StarKist
8    Chunk Light Tuna in Water, 5-ounce cans of StarKist Solid White Albacore Tuna in Water,
9    5-ounce cans of StarKist Solid White Albacore Tuna in Vegetable Oil, and 5-ounce cans of
10   StarKist Chunk Light Tuna in Vegetable Oil (collectively, "StarKist Tuna").

11   2.      Plaintiff Hendricks purchased one or more 5-ounce cans of StarKist Chunk Light
12   Tuna in Water, which were underfilled and thus substantially underweight.  Independent testing by
13   a laboratory retained by Plaintiff's counsel determined that 5-ounce cans of StarKist Chunk Light
14   Tuna in Water contain an average of only 2.35 ounces of pressed cake tuna when measured
15   precisely according to the methods specified by 21 C.F.R. § 161.190(c). This is 17.3% below the
16   federally mandated minimum standard of fill of 2.84 ounces for these cans. *See* 21 C.F.R.
17   § 161.190(c)(2)(i)-(xii). StarKist is cheating purchasers by providing 17.3% less tuna than
18   purchasers are paying for.

19   3.      The same laboratory tests revealed that 5-ounce cans of StarKist Solid White
20   Albacore Tuna in Water contain an average of only 3.01 ounces of pressed cake tuna, which is
21   6.8% below the federally mandated minimum standard of fill of 3.23 ounces for these cans. *Id.*
22   These tests also revealed that 5-ounce cans of StarKist Solid White Albacore Tuna in Vegetable
23   Oil contain an average of only 3.11 ounces of pressed cake tuna, which is 3.7% below the federally
24   mandated minimum standard of fill of 3.23 ounces for these cans. *Id.*  Finally, these tests revealed
25   that 5-ounce cans of StarKist Chunk Light Tuna in Vegetable Oil contain an average of only 2.81
26   ounces of pressed cake tuna, which is 1.1% below the federally mandated minimum standard of fill
27   of 2.84 ounces for these cans. *Id.*

28

4.      Plaintiff Hendricks asserts claims on behalf of himself and a nationwide class of
purchasers of StarKist Tuna, for breach of express warranty, breach of the implied warranty of
merchantability, breach of the implied warranty of fitness for a particular purpose, unjust
enrichment, violation of the California Consumer Legal Remedies Act ("CLRA"), violation of the
California Unfair Competition Law ("UCL"), violation of the California False Advertising Law
("FAL"), negligent misrepresentation, and fraud.

**PARTIES**

5.      Plaintiff Patrick Hendricks is a citizen of California who resides in Oakland,
California.

6.      Defendant StarKist Co. is a Delaware corporation with its principal place of
business in Pittsburgh, Pennsylvania. StarKist is engaged in the processing, packaging, and
distribution of canned tuna products.

7.      Whenever reference is made in this Complaint to any representation, act, omission,
or transaction of StarKist, that allegation shall mean that StarKist did the act, omission, or
transaction through its officers, directors, employees, agents, and/or representatives while they
were acting within the actual or ostensible scope of their authority.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A)
because this case is a class action where the aggregate claims of all members of the proposed class
are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, as well as most
members of the proposed class, are citizens of states different from Defendant. This Court also has
supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

9.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because
a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this
District. Plaintiff Hendricks is a citizen of California, resides in this District, and purchased
StarKist Tuna from Defendant in this District. Moreover, Defendant distributed, advertised, and
sold StarKist Tuna, which is the subject of the present complaint, in this District.

1

**CLASS REPRESENTATION ALLEGATIONS**

2        10.    Plaintiff seeks to represent a class defined as all persons in the United States who
3    purchased StarKist Tuna (the "Class"). Excluded from the Class are persons who made such
4    purchase for purpose of resale.

5        11.    Plaintiff also seeks to represent a subclass of all Class members who purchased
6    StarKist Tuna in California (the "California Subclass").

7        12.    Members of the Class and Subclass are so numerous that their individual joinder
8    herein is impracticable. On information and belief, members of the Class and Subclass number in
9    the hundreds of thousands. The precise number of Class members and their identities are unknown
10    to Plaintiff at this time but may be determined through discovery. Class members may be notified
11    of the pendency of this action by mail and/or publication through the distribution records of
12    Defendant and third party retailers and vendors.

13        13.    Common questions of law and fact exist as to all Class members and predominate
14    over questions affecting only individual Class members. Common legal and factual questions
15    include, but are not limited to: whether StarKist Tuna is underfilled and thus substantially
16    underweight; whether Defendant warranted that StarKist Tuna contained an adequate amount of
17    tuna for a 5-ounce can; whether Defendant warranted that StarKist Tuna is legal for sale in the
18    United States; whether Defendant breached these warranties; and whether Defendant committed
19    statutory and common law fraud by doing so.

20        14.    The claims of the named Plaintiff are typical of the claims of the Class in that the
21    named Plaintiff purchased StarKist Tuna in reliance on the representations and warranties
22    described above, and suffered a loss as a result of that purchase.

23        15.    Plaintiff is an adequate representative of the Class and Subclass because his interests
24    do not conflict with the interests of the Class members he seeks to represent, he has retained
25    competent counsel experienced in prosecuting class actions, and he intends to prosecute this action
26    vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and
27    his counsel.

28

1    16.    The class mechanism is superior to other available means for the fair and efficient

2  adjudication of the claims of Class and Subclass members. Each individual Class member may

3  lack the resources to undergo the burden and expense of individual prosecution of the complex and

4  extensive litigation necessary to establish Defendant's liability. Individualized litigation increases

5  the delay and expense to all parties and multiplies the burden on the judicial system presented by

6  the complex legal and factual issues of this case. Individualized litigation also presents a potential

7  for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer

8  management difficulties and provides the benefits of single adjudication, economy of scale, and

9  comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment

10  of the liability issues will ensure that all claims and claimants are before this Court for consistent

11  adjudication of the liability issues.

12                                    **COUNT I**

13                         **Breach Of Express Warranty**

14    17.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

15  paragraphs of this complaint.

16    18.    Plaintiff brings this claim individually and on behalf of the members of the

17  proposed Class against Defendant.

18    19.    Defendant, as the designer, manufacturer, marketer, distributor, and/or seller,

19  expressly warranted that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can

20  and that StarKist Tuna is legal for sale in the United States.

21    20.    In fact, StarKist Tuna is not fit for such purposes because each of these express

22  warranties is false. Particularly, StarKist Tuna is underfilled and thus substantially underweight,

23  does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United

24  States.

25    21.    As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff

26  and Class members have been injured and harmed because: (a) they would not have purchased

27  StarKist Tuna on the same terms if the true facts were known concerning its quantity and failure to

28  comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's

CLASS ACTION COMPLAINT                                                              4

1  promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did

2  not have the characteristics, ingredients, uses, benefits, or quantities as promised.

3  

## COUNT II

4  **Breach Of Implied Warranty Of Merchantability**

5      22.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

6  paragraphs of this complaint.

7      23.    Plaintiff brings this claim individually and on behalf of the members of the

8  proposed Class against Defendant.

9      24.    Defendant, as the designer, manufacturer, marketer, distributor, and/or seller,

10  impliedly warranted that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can

11  and that StarKist Tuna is legal for sale in the United States.

12      25.    Defendant breached the warranty implied in the contract for the sale of StarKist

13  Tuna because it could not pass without objection in the trade under the contract description, the

14  goods were not of fair average quality within the description, and the goods were unfit for their

15  intended and ordinary purpose because StarKist Tuna is underfilled and thus substantially

16  underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale

17  in the United States.  As a result, Plaintiff and Class members did not receive the goods as

18  impliedly warranted by Defendant to be merchantable.

19      26.    Plaintiff and Class members purchased StarKist Tuna in reliance upon Defendant's

20  skill and judgment and the implied warranties of fitness for the purpose.

21      27.    StarKist Tuna was not altered by Plaintiff or Class members.

22      28.    StarKist Tuna was defective when it left the exclusive control of Defendant.

23      29.    Defendant knew that StarKist Tuna would be purchased and used without additional

24  testing by Plaintiff and Class members.

25      30.    StarKist Tuna was defectively designed and unfit for its intended purpose, and

26  Plaintiff and Class members did not receive the goods as warranted.

27      31.    As a direct and proximate cause of Defendant's breach of the implied warranty,

28  Plaintiff and Class members have been injured and harmed because:  (a) they would not have

1    purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity
2    and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due
3    to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c)
4    StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

5                                              **COUNT III**

6                    **Breach Of Implied Warranty Of Fitness For A Particular Purpose**

7          32.    Plaintiff hereby incorporates by reference the allegations contained in all preceding
8    paragraphs of this complaint.

9          33.    Plaintiff brings this claim individually and on behalf of the members of the
10   proposed Class against Defendant.

11         34.    Defendant marketed, distributed, and/or sold StarKist Tuna with implied warranties
12   that it was fit for its intended purposes in that it contained an adequate amount of tuna for a
13   5-ounce can and that StarKist Tuna is legal for sale in the United States.  At the time that StarKist
14   Tuna was sold, Defendant knew or had reason to know that Plaintiff and Class members were
15   relying on Defendant's skill and judgment to select or furnish a product that was suitable for sale.

16         35.    Plaintiff and Class members purchased StarKist Tuna in reliance upon Defendant's
17   implied warranties.

18         36.    StarKist Tuna was not altered by Plaintiff or Class members.

19         37.    As a direct and proximate cause of Defendant's breach of the implied warranty,
20   Plaintiff and Class members have been injured and harmed because:  (a) they would not have
21   purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity
22   and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due
23   to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c)
24   StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

25                                              **COUNT IV**

26                                          **Unjust Enrichment**

27         38.    Plaintiff hereby incorporates by reference the allegations contained in all preceding
28   paragraphs of this complaint.

CLASS ACTION COMPLAINT                                                                          6

1        39.    Plaintiff brings this claim individually and on behalf of the members of the

2    proposed Class against Defendant.

3        40.    Plaintiff and Class members conferred benefits on Defendant by purchasing StarKist

4    Tuna.

5        41.    Defendant has been unjustly enriched in retaining the revenues derived from

6    Plaintiff and Class members' purchases of StarKist Tuna.  Retention of those moneys under these

7    circumstances is unjust and inequitable because Defendant misrepresented that StarKist Tuna

8    contained an adequate amount of tuna for a 5-ounce can and that StarKist Tuna is legal for sale in

9    the United States.  These misrepresentations caused injuries to Plaintiff and Class members

10   because they would not have purchased StarKist Tuna if the true facts were known.

11       42.    Because Defendant's retention of the non-gratuitous benefits conferred on them by

12   Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff

13   and Class members for its unjust enrichment, as ordered by the Court.

14                             **COUNT V**

15          **Violation Of California's Consumers Legal Remedies Act,**

16               **California Civil Code §§ 1750, *et seq.***

17       43.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

18   paragraphs of this complaint.

19       44.    Plaintiff brings this claim individually and on behalf of the members of the

20   proposed California Subclass against Defendant.

21       45.    California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits

22   "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses,

23   benefits, or quantities which they do not have or that a person has a sponsorship, approval, status,

24   affiliation, or connection which he or she does not have."

25       46.    Defendant violated this provision by misrepresenting that StarKist Tuna contained

26   an adequate amount of tuna for a 5-ounce can and that StarKist Tuna is legal for sale in the United

27   States.

28

CLASS ACTION COMPLAINT                                         7

47.     Plaintiff and the California Subclass suffered injuries caused by Defendant because: (a) they would not have purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

48.     On or about January 9, 2013, prior to filing this action, a CLRA notice letter was served on Defendant which complies in all respects with California Civil Code § 1782(a).  Plaintiff Hendricks sent StarKist a letter via certified mail, return receipt requested, advising StarKist that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A true and correct copy of Plaintiff Hendrick's letter is attached hereto as Exhibit A.

49.     Wherefore, Plaintiff seeks damages, restitution, and injunctive relief for this violation of the CLRA.

## COUNT VI

### Violation Of California's Unfair Competition Law,

### California Business & Professions Code §§ 17200, *et seq.*

50.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

52.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising ...."

53.     Defendant's misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described herein; and Cal. Com. Code § 2607.

CLASS ACTION COMPLAINT

8

1    54.    Defendant's misrepresentations and other conduct, described herein, violated the

2    "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends

3    public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the

4    conduct outweighs any alleged benefits.

5    55.    Defendant violated the "fraudulent" prong of the UCL by making

6    misrepresentations about StarKist Tuna, as described herein.

7    56.    Plaintiff and the California Subclass lost money or property as a result of

8    Defendant's UCL violations because: (a) they would not have purchased StarKist Tuna on the

9    same terms if the true facts were known concerning its quantity and failure to comply with FDA

10   regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that it

11   contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the

12   characteristics, ingredients, uses, benefits, or quantities as promised.

13                                        **COUNT VII**

14                      **Violation Of California's False Advertising Law,**

15              **California Business & Professions Code §§ 17500, *et seq.***

16   57.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

17   paragraphs of this complaint.

18   58.    Plaintiff brings this claim individually and on behalf of the members of the

19   proposed California Subclass against Defendant.

20   59.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*,

21   makes it "unlawful for any person to make or disseminate or cause to be made or disseminated

22   before the public in this state, ... in any advertising device ... or in any other manner or means

23   whatever, including over the Internet, any statement, concerning ... personal property or services,

24   professional or otherwise, or performance or disposition thereof, which is untrue or misleading and

25   which is known, or which by the exercise of reasonable care should be known, to be untrue or

26   misleading."

27

28

CLASS ACTION COMPLAINT                                                                    9

60.     Defendant committed acts of false advertising, as defined by §17500, by misrepresenting that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can and that StarKist Tuna is legal for sale in the United States.

61.     Defendant knew or should have known, through the exercise of reasonable care that their representations about StarKist Tuna were untrue and misleading.

62.     Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

63.     Plaintiff and the California Subclass lost money or property as a result of Defendant's FAL violations because:  (a) they would not have purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT VIII

### Negligent Misrepresentation

64.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

65.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

66.     As discussed above, Defendant misrepresented that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can and that StarKist Tuna is legal for sale in the United States.  Defendant had a duty to disclose this information.

67.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

68.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about StarKist Tuna.

69. The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase StarKist Tuna.

70. Plaintiff and Class members would not have purchased StarKist Tuna if the true facts had been known.

71. The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT IX

### Fraud

72. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

73. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

74. As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about StarKist Tuna, including but not limited to the fact that it contained an adequate amount of tuna for a 5-ounce can and that StarKist Tuna is legal for sale in the United States. These misrepresentations and omissions were made with knowledge of their falsehood.

75. The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase StarKist Tuna.

76. The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class

1   and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and
2   Subclass members;

3   b.   For an order declaring the Defendant's conduct violates the statutes referenced
4        herein;

5   c.   For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on
6        all counts asserted herein;

7   d.   For compensatory and punitive damages in amounts to be determined by the Court
8        and/or jury;

9   e.   For prejudgment interest on all amounts awarded;

10  f.   For an order of restitution and all other forms of equitable monetary relief;

11  g.   For injunctive relief as pleaded or as the Court may deem proper; and

12  h.   For an order awarding Plaintiff and the Class and Subclass his reasonable attorneys'
13       fees and expenses and costs of suit.

14  **DEMAND FOR TRIAL BY JURY**

15  Plaintiff demands a trial by jury of all issues so triable.

16

17  Dated: February 19, 2013                Respectfully submitted,

18                                          **BURSOR & FISHER, P.A.**

19

20                                          By: L. Timothy Fisher

21                                          L. Timothy Fisher

22                                          L. Timothy Fisher (State Bar No. 191626)
                                            Sarah N. Westcot (State Bar No. 264916)
23                                          1990 North California Boulevard, Suite 940
                                            Walnut Creek, CA 94596
24                                          Telephone: (925) 300-4455
                                            Facsimile: (925) 407-2700
25                                          E-Mail: ltfisher@bursor.com
                                            swestcot@bursor.com
26

27

28

CLASS ACTION COMPLAINT                                                              12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

13

I, Patrick Hendricks, declare as follows:

1.    I am a plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.    The complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) in that Defendant conducts a substantial amount of business in this District.

3.    While living in California, I purchased one or more 5-ounce cans of StarKist Chunk Light Tuna in Water for my household and for my personal use. I purchased StarKist Chunk Light Tuna in Water after I read the label on the can that said it contained an adequate amount of tuna for a 5-ounce can. The representations on the label were substantial factors influencing my decision to purchase StarKist Chunk Light Tuna in Water. I would not have purchased StarKist Chunk Light Tuna in Water had I known that the cans were underfilled and underweight.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on February 15, 2013 at Oakland, California.

PATRICK HENDRICKS

**EXHIBIT A**

# BURSOR FISHER
P.A

1990 NORTH CALIFORNIA BLVD.
SUITE 940
WALNUT CREEK, CA 94596-7351
www.bursor.com

L. TIMOTHY FISHER
Tel: 925.300.4455
Fax: 925.407.2700
ltfisher@bursor.com

January 9, 2013

*Via Certified Mail – Return Receipt Requested*

StarKist Co.
225 N. Shore Dr., Ste. 400
Pittsburgh, PA 15212

*Re:      Demand Letter Pursuant to California Civil Code § 1782*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by StarKist Co. ("StarKist")  pursuant to the provisions of California Civil Code § 1782, on behalf of our client, Patrick Hendricks, and a class of all similarly situated purchasers of StarKist Chunk Light Tuna in Water (the "Class").



Our client purchased one or more 5-ounce cans of StarKist Chunk Light Tuna in Water, which were underfilled and thus substantially underweight.  Independent testing by a laboratory retained by our firm determined that 5-ounce cans of StarKist Chunk Light Tuna in Water contain an average of only 2.35 ounces of pressed cake tuna when measured precisely according to the methods specified by 21 C.F.R. § 161.190(c).  This is 17.3% below the federally mandated minimum standard of fill for these 5-ounce cans.  *See* 21 C.F.R. § 161.190(c)(2)(i)-(xii). StarKist is cheating purchasers by providing 17.3% less tuna than purchasers are paying for.

By systematically underfilling and selling short-weighted cans of StarKist Chunk Light Tuna in Water, StarKist has violated and continues to violate subsection (a)(5) of the Consumers Legal Remedies Act, Civil Code § 1770, which prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have.

BURSOR&FISHER
P.A.

On behalf of our client and the Class, we hereby demand that StarKist immediately (1) cease and desist from continuing to underfill and sell short-weighted cans of tuna; (2) issue an immediate recall of these underfilled, short-weighted cans; and (3) make full restitution to all purchasers of StarKist tuna of all purchase money obtained from sales thereof.

We also demand that StarKist preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.    All documents concerning the packaging, canning, and manufacturing process for StarKist Chunk Light Tuna in Water;

2.    All documents concerning the measurements of the quantity of tuna in StarKist Chunk Light Tuna in Water;

3.    All standard of fill tests conducted on StarKist Chunk Light Tuna in Water;

4.    All documents concerning the pricing, advertising, marketing, and/or sale of StarKist Chunk Light Tuna in Water;

5.    All communications with customers concerning complaints or comments concerning the underfilling, short-weighting, or otherwise referencing the quantity of tuna in StarKist Chunk Light Tuna in Water.

If StarKist contends that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

This letter also serves as a thirty (30) day notice and demand requirement under § 1782 for damages. Accordingly, should StarKist fail to rectify the situation on a class-wide basis within 30 days of receipt of this letter, we will seek actual damages, plus punitive damages, interest, attorneys' fees and costs.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter. If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

L. Timothy Fisher