Robert B. Hawk (Bar No. 118054)
Stacy R. Hovan (Bar No. 271485)
HOGAN LOVELLS US LLP
4085 Campbell Avenue, Suite 100
Menlo Park, California 94025
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
robert.hawk@hoganlovells.com
stacy.hovan@hoganlovells.com

John E. Hall (admitted *pro hac vice*)
Gregg D. Michael (admitted *pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
Telephone:  (412) 566-6000
Facsimile:  (412) 566-6099
jhall@eckertseamans.com
gmichael@eckertseamans.com

Attorneys for Defendant
STARKIST CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>STARKIST CO.,<br><br>            Defendant. | Case No.  C13-0729-YGR<br><br>**DEFENDANT STARKIST CO.'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND**<br><br>The Hon. Yvonne Gonzalez Rogers |

Defendant StarKist Co. ("StarKist"), through counsel, hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff Patrick Hendricks ("Plaintiff").

To the extent the Complaint attempts to characterize certain alleged facts (*i.e.*, by describing conduct as "misleading" or "cheating"), StarKist responds generally that such allegations constitute mere pejoratives or conclusions of law and do not constitute allegations of fact requiring a response; but to the extent such allegations may be construed as allegations of fact, StarKist objects to and denies each and every such allegation, and incorporates by reference this response in each paragraph below as if fully set forth therein.

StarKist further responds that the headings in the Complaint do not constitute allegations of fact requiring a response; but to the extent the headings may be construed as allegations of fact, StarKist responds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every such allegation.

Except as may be expressly and specifically admitted herein, StarKist denies each and every allegation alleged in the Complaint and further denies that Plaintiff has suffered any damages by reason of any act, omission, or conduct on the part of StarKist and further denies that Plaintiff is entitled to the relief sought in the Complaint, or to any relief at all, from StarKist. With respect to the specific paragraphs of the Complaint, StarKist responds as follows:

In response to the first unnumbered paragraph, StarKist admits that Plaintiff has brought a purported class action that he alleges is "on behalf of himself and all others similarly situated" against Defendant StarKist. StarKist is otherwise without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of the first unnumbered paragraph and on that basis denies each and every such allegation.

## NATURE OF ACTION

1. In response to Paragraph 1, StarKist admits that Plaintiff has brought a purported class action lawsuit that he alleges is "on behalf of purchasers of 5-ounce cans of StarKist Chunk Light Tuna in Water, 5-ounce cans of StarKist Solid White Albacore Tuna in Water, 5-ounce cans of StarKist Solid White Albacore Tuna in Vegetable Oil, and 5-ounce cans of StarKist Chunk

1   Light Tuna in Vegetable Oil." To the extent not expressly admitted, StarKist denies the
2   allegations of Paragraph 1.

3       2.     In response to Paragraph 2, StarKist states that it is without sufficient knowledge
4   or information to form a belief as to the truth of the allegations in the first three sentences of
5   Paragraph 2 regarding Plaintiff's purchases and independent testing by a laboratory retained by
6   Plaintiff's counsel, and on that basis denies each and every allegation in the first three sentences
7   of Paragraph 2. StarKist otherwise denies the remaining allegations of Paragraph 2.

8       3.     In response to Paragraph 3, StarKist states that it is without sufficient knowledge
9   or information to form a belief as to the truth of the allegations in Paragraph 3 and on that basis
10  denies each and every such allegation.

11      4.     In response to Paragraph 4, StarKist admits that Plaintiff has brought a purported
12  class action lawsuit that he alleges is "on behalf of himself and a nationwide class of purchasers
13  of StarKist Tuna," and in the Complaint, Plaintiff purports to assert claims for breach of express
14  warranty, breach of the implied warranty of merchantability, breach of the implied warranty of
15  fitness for a particular purpose, unjust enrichment, violation of the California Consumer Legal
16  Remedies Act ("CLRA"), violation of the California Unfair Competition Law ("UCL"), violation
17  of the California False Advertising Law ("FAL"), negligent misrepresentation and fraud. To the
18  extent not expressly admitted, StarKist denies the allegations of Paragraph 4.

19  **PARTIES**

20      5.     In response to Paragraph 5, StarKist states that it is without sufficient knowledge
21  or information to form a belief as to the truth of the allegations in Paragraph 5 and on that basis
22  denies each and every such allegation.

23      6.     In response to Paragraph 6, StarKist admits that it is a Delaware corporation with
24  its principal place of business in Pittsburgh, Pennsylvania. StarKist further admits that it is
25  engaged in the processing, packaging, and distribution of canned tuna products. To the extent not
26  expressly admitted, StarKist denies the allegations of Paragraph 6.

27      7.     Paragraph 7 does not contain allegations of fact requiring a response. To the
28  extent a response is required, StarKist is without sufficient knowledge or information to form a

-2-    STARKIST'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO. C13-0729-YGR

belief as to the truth of the allegations in Paragraph 7 and on that basis denies each and every such allegation.

## JURISDICTION AND VENUE

8. Paragraph 8 includes legal conclusions to which no response is required. To the extent a response is required, StarKist denies such allegations, and otherwise denies all the allegations in Paragraph 8.

9. In response to Paragraph 9, StarKist admits that it has distributed, advertised, and sold StarKist Tuna in this District. StarKist further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 regarding Plaintiff's citizenship, residency and purchases, and on that basis denies each and every such allegation. StarKist further responds that Paragraph 9 includes legal conclusions to which no response is required. To the extent a response is required, StarKist denies such allegations, and to the extent not expressly admitted, StarKist denies the remaining allegations in Paragraph 9.

## CLASS REPRESENTATION ALLEGATIONS

10. In response to Paragraph 10, StarKist admits that Plaintiff has brought a purported class action. StarKist responds that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 10, and to the extent not expressly admitted, on that basis denies each and every allegation of Paragraph 10.

11. In response to Paragraph 11, StarKist admits that Plaintiff has brought a purported class action. StarKist responds that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 11 and, to the extent not expressly admitted, on that basis denies each and every allegation of Paragraph 11.

12. In response to Paragraph 12, StarKist states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 regarding what is known to Plaintiff, and on that basis denies each and every such allegation. StarKist further responds that Paragraph 12 includes legal conclusions to which no response is required. To the extent a response is required, StarKist denies such allegations, and otherwise denies the remaining allegations in Paragraph 12.

1  13. Paragraph 13 includes legal conclusions to which no response is required. To the extent a response is required, StarKist denies such allegations, and otherwise denies all the allegations in Paragraph 13.

14. Paragraph 14 includes legal conclusions to which no response is required. To the extent a response is required, StarKist denies such allegations, and otherwise denies all the allegations in Paragraph 14.

15. Paragraph 15 includes legal conclusions to which no response is required. To the extent a response is required, StarKist denies such allegations, and otherwise denies all the allegations in Paragraph 15.

16. Paragraph 16 includes legal conclusions to which no response is required. To the extent a response is required, StarKist denies such allegations, and otherwise denies all the allegations in Paragraph 16.

## COUNT I

**Breach of Express Warranty**

17. In response to Paragraph 17, StarKist incorporates by reference paragraphs 1 through 16 of this Answer as though fully stated herein.

18. Paragraph 18 includes legal conclusions to which no response is required. To the extent any response is required, StarKist denies such allegations. StarKist further states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 18 and on that basis denies each and every allegation.

19. In response to Paragraph 19, StarKist denies such allegations.

20. In response to Paragraph 20, StarKist denies such allegations.

21. In response to Paragraph 21, StarKist denies such allegations.

## COUNT II

**Breach of Implied Warranty of Merchantability**

22. In response to Paragraph 22, StarKist incorporates by reference paragraphs 1 through 21 of this Answer as though fully stated herein.

| | |
|---|---|
| 1 | 23.     Paragraph 23 includes legal conclusions to which no response is required.  To the |
| 2 | extent any response is required, StarKist denies such allegations.  StarKist further states that it is |
| 3 | without sufficient knowledge or information to form a belief as to the truth of the remaining |
| 4 | allegations of Paragraph 23 and on that basis denies each and every allegation. |
| 5 | 24.     In response to Paragraph 24, StarKist denies the allegations. |
| 6 | 25.     In response to Paragraph 25, StarKist denies the allegations. |
| 7 | 26.     In response to Paragraph 26, StarKist denies the allegations. |
| 8 | 27.     In response to Paragraph 27, StarKist responds that it is without sufficient |
| 9 | knowledge or information to form a belief as to the truth of the allegations of Paragraph 27 and |
| 10 | on that basis denies each and every allegation. |
| 11 | 28.     In response to Paragraph 28, StarKist denies the allegations. |
| 12 | 29.     In response to Paragraph 29, StarKist denies the allegations. |
| 13 | 30.     In response to Paragraph 30, StarKist denies the allegations. |
| 14 | 31.     In response to Paragraph 31, StarKist denies the allegations. |

## COUNT III

**Breach of Implied Warranty Of Fitness For A Particular Purpose**

17.     32.     In response to Paragraph 32, StarKist states that Count III of the Complaint, Plaintiff's breach of implied warranty of fitness for a particular purpose claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 32 is required.  To the extent a response is required, StarKist responds to Paragraph 32 by incorporating by reference paragraphs 1 through 31 of this Answer as though fully stated herein.

33.     In response to Paragraph 33, StarKist states that Count III of the Complaint, Plaintiff's breach of implied warranty of fitness for a particular purpose claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 33 is required.  To the extent a response is required, StarKist responds that Paragraph 33 includes legal conclusions to which no response is required, and it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 33, so on that basis StarKist denies each and every allegation of Paragraph 33.

1   34.     In response to Paragraph 34, StarKist states that Count III of the Complaint, Plaintiff's breach of implied warranty of fitness for a particular purpose claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 34 is required.  To the extent a response is required, StarKist denies the allegations in Paragraph 34.

2   35.     In response to Paragraph 35, StarKist states that Count III of the Complaint, Plaintiff's breach of implied warranty of fitness for a particular purpose claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 35 is required.  To the extent a response is required, StarKist denies the allegations in Paragraph 35.

3   36.     In response to Paragraph 36, StarKist states that Count III of the Complaint, Plaintiff's breach of implied warranty of fitness for a particular purpose claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 36 is required.  To the extent a response is required, StarKist states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36 and on that basis denies each and every allegation.

4   37.     In response to Paragraph 37, StarKist states that Count III of the Complaint, Plaintiff's breach of implied warranty of fitness for a particular purpose claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 37 is required.  To the extent a response is required, StarKist denies the allegations in Paragraph 37.

**COUNT IV**

**Unjust Enrichment**

38.     In response to Paragraph 38, StarKist states that Count IV of the Complaint, Plaintiff's unjust enrichment claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 38 is required.  To the extent a response is required, StarKist responds to Paragraph 38 by incorporating by reference paragraphs 1 through 37 of this Answer as though fully stated herein.

39.     In response to Paragraph 39, StarKist states that Count IV of the Complaint, Plaintiff's unjust enrichment claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 39 is required.  To the extent a response is required, StarKist responds

that Paragraph 39 includes legal conclusions to which no response is required, and it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 39, so on that basis StarKist denies each and every allegation of Paragraph 39.

40. In response to Paragraph 40, StarKist states that Count IV of the Complaint, Plaintiff's unjust enrichment claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 40 is required. To the extent a response is required, StarKist responds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 40 and on that basis denies each and every allegation in Paragraph 40.

41. In response to Paragraph 41, StarKist states that Count IV of the Complaint, Plaintiff's unjust enrichment claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 41 is required. To the extent a response is required, StarKist denies the allegations in Paragraph 41.

42. In response to Paragraph 42, StarKist states that Count IV of the Complaint, Plaintiff's unjust enrichment claim, was dismissed by the Court on March 25, 2014, and as such, no response to Paragraph 42 is required. To the extent a response is required, StarKist denies the allegations in Paragraph 42.

## COUNT V

### Violation Of California's Consumer Legal Remedies Act,
### California Civil Code §§ 1750, *et seq.*

43. In response to Paragraph 43, StarKist incorporates by reference paragraphs 1 through 42 of this Answer as though fully stated herein.

44. Paragraph 44 includes legal conclusions to which no response is required. To the extent any response is required, StarKist denies such allegations. StarKist further states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 44 and on that basis denies each and every allegation.

45. Paragraph 45 includes legal conclusions to which no response is required. To the extent any response is required, StarKist admits that California Civil Code § 1770(a)(5) states, in part:

>       (a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
>       . . .
>
>       (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

To the extent not expressly admitted, StarKist denies the allegations of Paragraph 45.

46.   In response to Paragraph 46, StarKist denies the allegations.

47.   In response to Paragraph 47, StarKist denies the allegations.

48.   In response to Paragraph 48, StarKist admits that attached to the Complaint as Exhibit A is a document that states on its face that it is a "letter" addressed to StarKist Co., 225 N. Shore Dr., Ste. 400, Pittsburgh, PA 15212 that is dated January 9, 2013.  StarKist further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 regarding Plaintiff's conduct, and on that basis denies each and every such allegation.  Paragraph 48 otherwise includes legal conclusions to which no response is required.  To the extent a response is required, StarKist denies such allegations, and to the extent not expressly admitted, StarKist otherwise denies all the remaining allegations in Paragraph 48.

49.   In response to Paragraph 49, StarKist responds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 49 and on that basis denies each and every allegation.

## COUNT VI

### Violation Of California's Unfair Competition Law,

### California Business & Professions Code §§ 17200, *et seq.*

50.   In response to Paragraph 50, StarKist incorporates by reference paragraphs 1 through 49 of this Answer as though fully stated herein.

51.   Paragraph 51 includes legal conclusions to which no response is required.  To the extent any response is required, StarKist denies such allegations.  StarKist further states that it is

1  without sufficient knowledge or information to form a belief as to the truth of the remaining

2  allegations of Paragraph 51 and on that basis denies each and every allegation.

3    52.    Paragraph 52 includes legal conclusions to which no response is required.  To the

4  extent any response is required, StarKist admits that California Business & Professions Code §

5  17200 states, in part, that "unfair competition shall mean and include any unlawful, unfair or

6  fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . [.]"

7  To the extent not expressly admitted, StarKist denies the allegations of Paragraph 52.

8    53.    In response to Paragraph 53, StarKist denies the allegations.

9    54.    In response to Paragraph 54, StarKist denies the allegations.

10    55.    In response to Paragraph 55, StarKist denies the allegations.

11    56.    In response to Paragraph 56, StarKist denies the allegations.

## COUNT VII

### Violation Of California's False Advertising Law,

### California Business & Professions Code §§ 17500, *et seq.*

15    57.    In response to Paragraph 57, StarKist incorporates by reference paragraphs 1

16  through 56 of this Answer as though fully stated herein.

17    58.    Paragraph 58 includes legal conclusions to which no response is required.  To the

18  extent any response is required, StarKist denies such allegations.  StarKist further states that it is

19  without sufficient knowledge or information to form a belief as to the truth of the remaining

20  allegations of Paragraph 58 and on that basis denies each and every allegation.

21    59.    Paragraph 59 includes legal conclusions to which no response is required.  To the

22  extent any response is required, StarKist admits that California Business & Professions Code §

23  17500 states, in part:

> It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other

> publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]

To the extent not expressly admitted, StarKist denies the allegations of Paragraph 59.

60. In response to Paragraph 60, StarKist denies the allegations.

61. In response to Paragraph 61, StarKist denies the allegations.

62. In response to Paragraph 62, StarKist denies the allegations.

63. In response to Paragraph 63, StarKist denies the allegations.

## COUNT VIII

### Negligent Misrepresentation

64. In response to Paragraph 64, StarKist incorporates by reference paragraphs 1 through 63 of this Answer as though fully stated herein.

65. Paragraph 65 includes legal conclusions to which no response is required. To the extent any response is required, StarKist denies such allegations. StarKist further states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 65 and on that basis denies each and every allegation.

66. In response to Paragraph 66, StarKist denies the allegations.

67. In response to Paragraph 67, StarKist denies the allegations.

68. In response to Paragraph 68, StarKist denies the allegations.

69. In response to Paragraph 69, StarKist denies the allegations.

70. In response to Paragraph 70, StarKist denies the allegations.

71. In response to Paragraph 71, StarKist denies the allegations.

## COUNT IX

### Fraud

72. In response to Paragraph 72, StarKist incorporates by reference paragraphs 1 through 71 of this Answer as though fully stated herein.


1    73.   Paragraph 73 includes legal conclusions to which no response is required. To the extent any response is required, StarKist denies such allegations. StarKist further states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 73 and on that basis denies each and every allegation.

74.   In response to Paragraph 74, StarKist denies the allegations.

75.   In response to Paragraph 75, StarKist denies the allegations.

76.   In response to Paragraph 76, StarKist denies the allegations.

### ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Although Plaintiff's Prayer for Relief contains no allegations of fact, and as such, does not require an admission or denial, StarKist denies that Plaintiff is entitled to any relief, either as requested in his Prayer for Relief or otherwise.

### ANSWER TO PLAINTIFF'S JURY DEMAND

Plaintiff's Jury Demand contains no allegations of fact, and as such, does not require an admission or denial.

### AFFIRMATIVE DEFENSES

StarKist alleges the following affirmative defenses with respect to the claims alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiffs. StarKist also hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its right to amend this Answer and assert all such defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to state facts sufficient to constitute a claim against StarKist.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from claiming any injury, loss or damages because Plaintiff failed to make reasonable efforts to prevent or mitigate such injury, loss or damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands and laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred to the extent the alleged conduct took place outside the applicable limitations period.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because StarKist was under no duty to disclose any of the purported information Plaintiffs alleges was not disclosed.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has knowingly and voluntarily waived any claims he might have against StarKist.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the voluntary payment rule to the extent that Plaintiff voluntarily purchased StarKist products without mistake of fact or fraud.

### EIGHTH AFFIRMATIVE DEFENSE

The injury or damage suffered by Plaintiff, if any there be, would be adequately compensated in an action at law for damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### NINTH AFFIRMATIVE DEFENSE

StarKist is not liable to Plaintiff, in whole or in part, because the losses that Plaintiff allegedly suffered were not proximately caused by any act or omission of StarKist.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages or harm whatsoever by reason of the conduct alleged, and that by reason of the foregoing, Plaintiff lacks standing and is otherwise barred from any recovery against StarKist and barred from prosecuting this action.

### ELEVENTH AFFIRMATIVE DEFENSE

The purported claims made by Plaintiff and members of the purported class on whose behalf he purports to sue are precluded because the alleged conduct would have affected, if

anyone, only an insubstantial number of putative class members.

## TWELVETH AFFIRMATIVE DEFENSE

The purported class cannot be certified under Federal Rule of Civil Procedure 23 because, *inter alia*, the purported class, class representatives and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

## THIRTEENTH AFFIRMATIVE DEFENSE

The purported claims made by Plaintiff and members of the purported class on whose behalf he purports to sue are precluded or limited because Plaintiff and members of the purported class on whose behalf he purports to sue failed to exhaust other available remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited to the extent that the claims asserted require the improper extraterritorial application of various state laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every purported cause of action therein should be dismissed pursuant to the doctrine of primary jurisdiction, because Plaintiff's claims raise issues that should be addressed in the first instance by the United States Food and Drug Administration.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under various state consumer protection laws are exempted by applicable safe harbor provisions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to give notice to StarKist in connection with the filing of certain of the claims that require notice.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege fraud with sufficient particularity.

## RESERVATION OF DEFENSES

StarKist presently has insufficient knowledge or information on which to form a belief as

to whether it may have additional, as yet unstated, affirmative defenses available.  StarKist reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## **PRAYER**

WHEREFORE, having fully answered the Complaint, StarKist respectfully prays as follows:

1. That Plaintiff takes nothing by way of his Complaint;

2. That judgment be entered in favor of StarKist and against Plaintiff on the Complaint as a whole;

3. That StarKist be awarded attorneys' fees and costs of suit as may be appropriate under applicable statutes; and

4. That the Court award StarKist such other relief as the Court may deem appropriate.

Dated: April 18, 2014

HOGAN LOVELLS US LLP
ECKERT SEAMANS CHERIN & MELLOTT, LLC

By:  */s/ Robert B. Hawk*
         Robert B. Hawk

Attorneys for Defendant
STARKIST CO.

## **JURY DEMAND**

StarKist demands a trial by jury on any of Plaintiff's claims triable to a jury.

Dated: April 18, 2014

HOGAN LOVELLS US LLP
ECKERT SEAMANS CHERIN & MELLOTT, LLC


By:   */s/ Robert B. Hawk*
      Robert B. Hawk

Attorneys for Defendant
STARKIST CO.