# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK HENDRICKS,** | Case No.: 13-CV-729 YGR |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| vs. | |
| **STARKIST CO.,** | |
| Defendant. | |

Defendant StarKist Co. ("StarKist") filed a Motion for Leave to File Motion for Reconsideration, pursuant to Civil Local Rule 7-9(b)(2). The Court granted that motion for leave by order issued September 3, 2014, and set a briefing and hearing schedule on the motion for reconsideration.

The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78, and accordingly **VACATES** the hearing set for **October 14, 2014, at 2:00 p.m.**

Having carefully reviewed the parties' briefs in favor of and opposing reconsideration, the Court **DENIES** the Motion for Reconsideration.

Starkist moves for reconsideration under Fed. R. Civ. P. 54(b) and Civil L.R. 7-9. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Civil L.R. 7-9(b)(2) (one alternative ground for reconsideration is "[t]he emergence

of new material facts or a change in the law occurring after the time of such order [for which reconsideration is sought]"). Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000).

Starkist seeks reconsideration of this Court's March 25, 2014 Order Granting in Part and Denying in Part StarKist's Motion to Dismiss Plaintiff's Complaint which declined to apply the primary jurisdiction doctrine as a basis to dismiss Plaintiff's claims. (Dkt. No. 57 at 14.) At the time, the Court noted that StarKist, along with other canned tuna manufacturers, had filed a citizen's petition with the FDA requesting a change to the standard of fill, as well as a Temporary Marketing Permit (TMP) to test market use of a drained weight fill standard, rather than the pressed cake standard in the current regulation. *Id.* In denying the motion to dismiss on these grounds, the Court stated that "[u]nless and until there is some indication beyond mere speculation that the FDA may change the regulation, the Court sees no need to defer under the primary jurisdiction doctrine." *Id.*

Starkist argues that there are new material facts or a change in the law because the FDA has granted a temporary marketing permit ("TMP") that will allow Starkist and other tuna producers to sell canned tuna for a limited period of time on a test basis using a drained weight rather than a pressed weight standard. Starkist contends that the grant of the TMP demonstrates two things: (1) the FDA is "actively considering the possibility of changing the pressed weight standard" (Ntc. at 1); and (2) granting the TMP shows that the FDA does not consider use of some standard other than the pressed weight standard to be harmful to consumers. Thus, Starkist argues, the chances that FDA will change the standard are now far from speculative, and warrant dismissal under the primary jurisdiction doctrine.

The Court does not find that the grant of a TMP changes the analysis of whether the case ought to be dismissed under the primary jurisdiction doctrine. The primary jurisdiction doctrine is used only if a claim involves an issue of first impression or a complicated issue committed to a regulatory agency. *Clark v. Time Warner Cable*, 523 F. 3d 1110, 1114 (9th Cir. 2008). As other courts in this district have noted, dismissal under the primary jurisdiction doctrine is inappropriate when "the FDA has made its position on the labels at issue reasonably clear and is not *actively*

*engaged* in revising the applicable regulations or policy." *Bruton v. Gerber Products Co.*, 961 F. Supp. 2d 1062, 1086 n. 13 (N.D. Cal. 2013) (emphasis added) (collecting cases); cf. *Reese v. Odwalla, Inc.*, 13-CV-947 YGR, 2014 WL 1244940 (N.D. Cal. Mar. 25, 2014) (dismissing under primary jurisdiction doctrine where FDA had issued notice and solicited comments regarding regulation of term "evaporated cane juice" and therefore "FDA's position on the lawfulness of the use of that term is not only… "not settled," it is also under active consideration by the FDA.")

Here, the Court does not attach any great significance to the FDA's grant of a TMP. The regulation governing such permits states that "[i]t is the purpose of the Food and Drug Administration to *permit* such tests when it can be ascertained that the sole purpose of the tests is to obtain data necessary for reasonable grounds in support of a petition to amend food standards, that the tests are necessary to the completion or conclusiveness of an otherwise adequate investigation, and that the interests of consumers are *adequately safeguarded*." 21 C.F.R. § 130.17(b) (emphasis added). The regulation goes on to provide that "[i]f the [FDA] concludes that the variation may be advantageous to consumers and will not result in failure of the food to conform to any provision of the act except section 403(g) [regarding misbranding], a permit *shall* be issued to the applicant for interstate shipment of such food." 21 C.F.R. § 130.17(e) (emphasis added). Thus, the granting of a permit appears from the regulation to be required if there "may be" a benefit to consumers and there is no indication of harm to consumers *other than* the misbranding. The TMP simply allows a party that is in the process of petitioning the FDA to amend a food standard (like Starkist) to gather data.

Starkist offers no evidence or authority to suggest that granting TMP indicates the FDA favors the proposed amendment or that it is likely to take action on a petition to amend a standard. Indeed, the FDA has previously granted a TMP to another tuna producer which allowed for variations from the standard of fill and expired no later than 15 months after April 15, 2013, but the FDA has not taken action to revisit the standard of fill since then. *See* Canned Tuna Deviating From Identity Standard; Temporary Permit for Market Testing, 78 FR 2273-02 (granted to Chicken of the Sea International on January 10, 2013). In sum, the granting of a TMP only nudges

Starkist's argument for dismissal from the purely speculative to, perhaps, an educated guess. It is not enough reason for this Court to halt the progress of the instant litigation, much less dismiss it.

Consequently, the motion is **DENIED**.

This Order terminates Dkt. No. 76.

**IT IS SO ORDERED**.

Dated: October 13, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**