**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         jluster@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
         ndeckant@bursor.com

*Attorneys for Plaintiff*
*And the Interested Parties*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STARKIST CO.,<br><br>Defendant. | Case No. 13-CV-00729-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  April 21, 2015<br>Time:  2:00 p.m.<br>Courtroom 1, 4th Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 21, 2015 at 2:00 p.m., or as soon thereafter as the matter may be heard by the above-captioned Court, located at 1301 Clay Street, Oakland, CA 94612, Courtroom 1, 4th Floor, in the courtroom of the Honorable Yvonne Gonzalez Rogers, Interested Parties Laury Smith, Ben Hall, Brian Andacky, and Joseph Vallillo will and hereby do move the Court for leave to intervene in the above-entitled action pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

This motion is made on the grounds that Interested Parties Laury Smith, Ben Hall, Brian Andacky, and Joseph Vallillo should be granted leave to intervene because (i) the Interested Parties independently satisfy diversity jurisdiction pursuant to the Class Action Fairness Act, (ii) intervention is timely and will not affect the Court's Case Management Order, (iii) the Interested Parties share common questions of law and fact with Patrick Hendricks, and (iv) the reasons for intervention outweigh any opposition.

This motion is based on the attached Memorandum Of Points And Authorities, the accompanying Class Action Complaint In Intervention, the pleadings and papers on file herein, and any other written and oral arguments that may be presented to the Court.

### CIVIL RULE 7-4(a)(3) STATEMENT OF ISSUE TO BE DECIDED

Whether Interested Parties Laury Smith, Ben Hall, Brian Andacky, and Joseph Vallillo should be granted leave to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  January 20, 2015                    Respectfully submitted,

**BURSOR & FISHER, P.A.**


By:   ___/s/ L. Timothy Fisher_____
                L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
           jluster@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
           ndeckant@bursor.com

*Attorneys for Plaintiff*
*And the Interested Parties*

# TABLE OF CONTENTS

**PAGE(S)**

I.      INTRODUCTION ...................................................................................................................1

II.     PROCEDURAL HISTORY ...................................................................................................2

III.    ARGUMENT .........................................................................................................................3

      A.   Plaintiffs-Intervenors Independently Satisfy Diversity Jurisdiction
          Pursuant To CAFA ..................................................................................................4

      B.   Intervention Is Timely And Will Not Impact The Court's Case
          Management Order ....................................................................................................4

      C.   Plaintiffs-Intervenors Share Common Questions Of Law And Fact
          With Plaintiff Hendricks ..........................................................................................5

      D.   The Reasons For The Intervention Outweigh Any Opposition.................................8

IV.     CONCLUSION ......................................................................................................................8

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

Interested Parties Laury Smith, Ben Hall, Brian Andacky, and Joseph Vallillo (collectively, "Plaintiffs-Intervenors") respectfully submit this memorandum of points and authorities in support of their motion for leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).  Specifically, Plaintiffs-Intervenors seek leave to intervene so that they can participate in this action as named plaintiffs.  Additionally, as discussed in the contemporaneously-filed Motion For Class Certification, the Plaintiffs-Intervenors also seek to represent subclasses from each of their respective states.

Intervention is particularly appropriate in this action, given that each of the Plaintiffs-Intervenors bring virtually identical allegations to those of Plaintiff Hendricks.  That is, each bought StarKist Tuna within the class period, each reviewed the same product packaging, each purchased the products in reliance on the representation that the products contained an adequate amount of tuna for a 5-ounce can, and each "suffered a loss as a result of that purchase." They also bring the same causes of action as Plaintiff Hendricks – breach of express warranty, breach of the implied warranty of merchantability, negligent misrepresentation, fraud, and violation of their respective states' consumer protection statutes.  Thus, intervention will not increase or expand the proceedings.

Moreover, intervention will have no impact on the Court's schedule.  As of the time this brief is filed, Defendant has six weeks to prepare its opposition to Plaintiff's Motion For Class Certification, and the end of fact discovery is over ten weeks away, on April 1, 2015.  There is still plenty of time to serve written discovery, and Plaintiffs-Intervenors will work in good faith to schedule their depositions as soon as practicable.  There is even time for Defendant to file a motion to dismiss, if it desires.  In the meantime, all other deadlines can simply proceed as planned.

There is no reason to deny Plaintiffs-Intervenors the opportunity to participate in this litigation.  Permissive intervention is a discretionary standard, but there are few downsides if the Court exercises that discretion in favor of intervention.

## II.     PROCEDURAL HISTORY

On February 19, 2013, Plaintiff Patrick Hendricks filed his Class Action Complaint. Plaintiff Hendricks, a consumer from California, alleges that StarKist-brand tuna fish is underfilled and thus substantially underweight. *See* Class Action Complaint ¶ 2 [Dkt. No. 1].  To corroborate these allegations, Plaintiff's complaint cites to independent testing conducted by a laboratory retained by Plaintiff's counsel, which determined that 5 oz. cans of StarKist Tuna at issue were underfilled when measured precisely according to the methods specified by 21 C.F.R. § 161.190(c).  *Id.* ¶¶ 2-3.  The exact products at issue include 5-ounce cans of StarKist Chunk Light Tuna in Water, Solid White Albacore Tuna in Water, Solid White Albacore Tuna in Vegetable Oil, and Chunk Light Tuna in Vegetable Oil (collectively, "StarKist Tuna").  *Id.* ¶ 1.

Based on these allegations, Plaintiff Hendricks asserts claims on behalf of himself and a nationwide class of purchasers of StarKist Tuna for breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, unjust enrichment, violation of the California Consumer Legal Remedies Act ("CLRA"), violation of the California Unfair Competition Law ("UCL"), violation of the California False Advertising Law ("FAL"), negligent misrepresentation, and fraud.  *Id.* ¶ 4.

On April 18, 2013, Defendant filed a motion to dismiss and a motion to transfer.  Both motions were fully briefed on June 18, 2013, and a hearing was held for both motions on July 9, 2013.  On March 25, 2014, the Court (i) denied Defendant's motion to transfer and (ii) granted in part and denied in part Defendant's motion to dismiss.  [Dkt. No. 57].  Specifically, the Court dismissed Plaintiff's claims for unjust enrichment and breach of the implied warranty of fitness for a particular purpose.  *Id.*  All other claims remain.[1]

The case is now in active discovery.  The parties served their first round of written discovery on May 14, 2014 and May 23, 2014.  On October 31, 2014, the parties substantially completed the production of documents.  Additionally, Plaintiff Hendricks was deposed on

---

[1] On August 27, 2014, Defendant filed a motion for leave to file a motion for reconsideration of the Court's March 25, 2014 Order granting in part and denying in part Defendant's motion to dismiss. On September 3, 2013, the Court granted StarKist's motion for leave to file a motion for reconsideration.  The underlying motion for reconsideration was fully briefed on September 30, 2014, and was ultimately denied on October 13, 2014.  [Dkt. No. 83].

November 11, 2014, and Plaintiff's counsel deposed Aaron Maxfield, a former StarKist employee, on December 19, 2014.  Plaintiff's counsel have noticed three more depositions, which they are in the process of scheduling.

Going forward, Plaintiff's deadline to move for class certification is on January 20, 2015 pursuant to the Court's Case Management Order.  [Dkt. No. 66].  Defendant's opposition is due by March 3, 2015, and Plaintiff's reply is due by March 31, 2015.  *Id.*  The close of non-expert discovery is on April 1, 2015.  *Id.*

Plaintiffs-Intervenors now wish to participate in the litigation, and have prepared a Complaint In Intervention with substantially similar allegations to those asserted in Patrick Hendricks's complaint.  Like Plaintiff Hendricks, the Complaint In Intervention alleges that the same 5 oz. cans of StarKist Tuna are underfilled and thus substantially underweight.  *See* Complaint In Intervention ¶¶ 1-5.  Like Patrick Hendricks, each of the Plaintiffs-Intervenors are consumer purchasers who relied upon representations that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can and that it the products are legal for sale in the United States.  *Id.* ¶¶ 27-29.  And like Patrick Hendricks, Plaintiffs-Intervenors bring claims for breach of express warranty, breach of the implied warranty of merchantability, violation of the CLRA, violation of the UCL, violation of the FAL, negligent misrepresentation, and fraud, among other causes of action.  *Id.* ¶¶ 25-60, 100-12.

## III.    ARGUMENT

"Permissive intervention requires:  '(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'"  *Mishewal Wappo Tribe of Alexander Valley v. Salazar*, 534 Fed. Appx. 665, 667 (9th Cir. 2013) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)); *see also United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002) (same); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1988) (same).  "Even if an applicant meets these three requirements, the district court has discretion to deny permissive intervention."  *Mishewal Wappo Tribe*, 534 Fed. Appx. at 667; *Donnelly*, 159 F.3d at 412 (same).  Nonetheless,

1  courts "generally construe Rule 24 liberally in favor of potential intervenors." *In re Benny*, 791

2  F.2d 712, 721 (9th Cir. 1986).

3        **A.**    **Plaintiffs-Intervenors Independently Satisfy Diversity**

               **Jurisdiction Pursuant To CAFA**

4

5        Jurisdiction is not at issue here.  Plaintiffs-Intervenors independently satisfy diversity

6  jurisdiction pursuant to the Class Action Fairness Act ("CAFA"):

7          This Court has subject matter jurisdiction pursuant to 28 U.S.C.
        § 1332(d)(2)(A) because this case is a class action where the

8          aggregate claims of all members of the proposed class are in
        excess of $5,000,000.00, exclusive of interest and costs, and

9          Plaintiffs-Intervenors, as well as most members of the proposed
        class, are citizens of states different from Defendant.  This Court

10          also has supplemental jurisdiction over state law claims pursuant to
        28 U.S.C. § 1367.

11

12  Complaint In Intervention ¶ 13; *see also* 3/25/2014 Order Granting In Part And Denying In Part

13  Motion To Dismiss (diversity jurisdiction under CAFA not at issue in regards to Plaintiff

14  Hendricks's claims) [Dkt. No. 57].

15        **B.**    **Intervention Is Timely And Will Not Impact The Court's Case**

               **Management Order**

16        Rule 24(b)(1) requires a "timely motion."  In assessing timeliness, "courts must consider

17  the current stage of the proceedings, whether the existing parties would be prejudiced, and the

18  reason for any delay in moving to intervene."  *Safeco Ins. Co. of America v. Sears*, 2011 WL

19  1363712, at *2 (E.D. Cal. Apr. 11, 2011).  Generally, cases that have discussed timeliness issues

20  have involved motions to intervene after ligation was far more advanced than this one.  *See, e.g.*,

21  *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977) (finding that a motion to intervene filed

22  after dismissal but within appeal period is timely); *In re Community Bank of Northern Virginia*,

23  418 F.3d 277, 314 (3d Cir. 2005) (finding that a motion to intervene was presumptively timely

24  because it was filed within the opt-out period as part of a settlement).

25        Here, Plaintiffs-Intervenors' motion is timely because, if granted, their participation in the

26  action would have no impact on the Court's May 14, 2014 Case Management Order.  *See Hill v.*

27  *Western Electric Co.*, 672 F.2d 381, 385-92 (4th Cir. 1982) (reversing trial court's denial of

28

permissive intervention for abuse of discretion where ordinary adversarial process was not interrupted).  Per the terms of that Order, Defendant's opposition to Plaintiff's motion for class certification is due on March 3, 2015, which is six weeks from the filing of this brief.  5/14/2014 Case Management Order at 1 [Dkt. No. 66].  Additionally, the close of non-expert discovery is on April 1, 2015, which is more than ten weeks from the filing of this brief.  *Id.*  Thus, there would be no delay if intervention is granted.

Additionally, Defendant has plenty of time to serve written discovery on Plaintiffs-Intervenors before the close of discovery.  And if requested, Plaintiffs-Intervenors will work with Defendant in good faith to schedule their depositions as soon as practicable.  Furthermore, if Defendant intends to file a motion to dismiss Plaintiffs-Intervenors' complaint pursuant to Rule 12, then the Court could consider Defendant's motion at the same time it considers the plaintiffs' motion for class certification.  No time would be wasted if the Court allows intervention.  Timeliness is not an issue here.  *But see Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 382 (D. Del. 1990) (finding that any delay caused by plaintiff class member's intervention was outweighed by benefit to the class).

### C.   **Plaintiffs-Intervenors Share Common Questions Of Law And Fact With Plaintiff Hendricks**

Permissive intervention is proper under Rule 24(b)(1)(B) because Plaintiffs-Intervenors assert "claim[s] or defense that share[] with the main action a common question of law or fact." *See Black & Veatch Corp. v. Modesto Irr. Dist.*, 2011 WL 4842319, at *13 (E.D. Cal. Oct. 12, 2011) ("The existence of a 'common question' is liberally construed.") (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir.1977)); *see also National Union Fire Ins. Co. of Pittsburgh, PA v. Electronic Arts, Inc.*, 2011 WL 6329224, at *2-3 (N.D. Cal. Dec. 14, 2011) (granting permissive intervention and finding that "Applicants share common questions of law or fact" in a motion brought by insurance companies seeking a declaratory judgment that their policies do not cover the underlying dispute); *Bouchard v. Winstar Mortg. Partners, Inc.*, 2010 WL 3168414, at *4 (S.D. Cal. Aug. 10, 2010) (granting permissive intervention for an assignee claiming a beneficial interest in the deed of trust underlying a mortgage, finding that "common

1    questions of law and fact based in the validity of the loan documents and the foreclosure that are at

2    the center of Plaintiffs' claims"); *Center for Biological Diversity v. E.P.A.*, 2013 WL 1729573, at

3    *7 (N.D. Cal. Apr. 22, 2013) (granting permissive intervention by pesticide manufacturers seeking

4    to intervene as defendants in an action against the Environmental Protection Agency for failure to

5    undertake required consultations regarding the effects of 382 registered pesticides on endangered

6    and threatened species, finding that "there is a common question of law and fact regarding the

7    pesticide registrations which form the basis of Plaintiffs' ESA claim and the intervenors'

8    arguments in defense to the EPA's liability as owners of these pesticide registrations"); *Doe v.*

9    *Harris*, 2013 WL 140053, at *2 (N.D. Cal. Jan. 10, 2013) (granting permissive intervention by

10   private citizens and proponents of Proposition 35, the Californians Against Sexual Exploitation Act

11   ("CASE Act"), in an action challenging the constitutionality of the CASE Act's reporting

12   requirements).

13          Here, the factual allegations in the Plaintiffs-Intervenors' Complaint In Intervention (the

14   "Complaint In Intervention") are nearly identical to those brought in Plaintiff Hendricks's Class

15   Action Complaint (the "Hendricks Complaint").  For example, both complaints concern the same

16   products.  *Compare* Complaint In Intervention ¶ 1 *with* Hendricks Complaint ¶ 1 (both complaints

17   bringing claims concerning 5-ounce cans of StarKist Chunk Light Tuna in Water, Solid White

18   Albacore Tuna in Water, Solid White Albacore Tuna in Vegetable Oil, and Chunk Light Tuna in

19   Vegetable Oil).

20          Both complaints also concern the same lab testing:  "Independent testing by a laboratory

21   retained by Plaintiffs' counsel determined that 5-ounce cans of StarKist Chunk Light Tuna in

22   Water contain an average of only 2.35 ounces of pressed cake tuna when measured precisely

23   according to the methods specified by 21 C.F.R. § 161.190(c)," which is "17.3% below the

24   federally mandated minimum standard of fill."  *Compare* Complaint In Intervention ¶ 2 *with*

25   Hendricks Complaint ¶ 2 (both complaints bringing the same allegations based on the same test

26   results).  And based on these test results, both complaints bring similar allegations regarding other

27

28

varieties of StarKist Tuna.  *Compare* Complaint In Intervention ¶ 3-5 *with* Hendricks Complaint ¶ 3.

Likewise, both complaints involve parties who are consumer purchasers of StarKist Tuna within the class period.  *Compare* Complaint In Intervention ¶¶ 7-10 *with* Hendricks Complaint ¶ 2.  And both complaints allege that the parties relied on the representations that (i) StarKist Tuna contained an adequate amount of tuna for a 5-ounce can and that (ii) the product is legal for sale in the United States.  *Compare* Complaint In Intervention ¶¶ 7-10, 25-112; *with* Hendricks Complaint ¶¶ 2, 17-76.

Furthermore, both complaints bring similar causes of action.  Specifically, the Hendricks Complaint brings causes of action for breach of express warranty, breach of the implied warranty of merchantability, violation of California's Consumers Legal Remedies Act, violation of California's Unfair Competition Law, violation of California's False Advertising Law, negligent misrepresentation, and fraud.  *See* Hendricks Complaint ¶¶ 17-31, 43-76.  On March 25, 2014, the Court denied Defendant's motion to dismiss as to these claims.  *See* 3/25/2014 Order Granting In Part And Denying In Part Motion To Dismiss at 20 [Dkt. No. 57].  Accordingly, the Complaint In Intervention brings these same causes of action, each of which should also survive dismissal based on the same considerations present in the Court's March 25, 2014 Order.  *See* Complaint In Intervention ¶¶ 25-60, 100-12.[2]

Should Plaintiffs-Intervenors be granted leave to intervene, the issues in the current litigation would remain unchanged.  Both complaints share the same products, the same lab testing, the same purchase details, and largely the same causes of action.  They plainly share "common question[s] of law or fact" to satisfy the requirements of Rule 24(b)(1)(B).

---

[2] Plaintiffs-Intervenors' complaint also brings causes of action for violation of various state consumer protection statutes:  the Massachusetts Consumer Protection Act, New York's Gen. Bus. Law §§ 349 and  350, and the Florida Deceptive And Unfair Trade Practices Act ("FDUTPA").  *See* Complaint In Intervention ¶¶ 61-99.  As discussed above, if Defendant files a Rule 12 motion, then the Court could consider the Rule 12 motion at the same time it considers the plaintiffs' motion for class certification.  No time would be wasted.

**D.**     **The Reasons For The Intervention Outweigh Any Opposition**

Permissive intervention can still be refused where "the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3); *see also Donnelly*, 159 F.3d at 412 ("In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties.").  Fortunately, these issues are simply not present here.  First, as explained above, there is no delay at all.  Defendant has plenty of time to serve written discovery and take depositions before the end of non-expert discovery on April 1, 2015.  Plaintiffs-Intervenors will also confer in good faith to schedule depositions as soon as practicable.  The Court's schedule need not be affected in the slightest.  Second, the intervention cannot possibly prejudice Plaintiff Hendricks's rights.  To the contrary, Plaintiff Hendricks's complaint and the Complaint In Intervention concern the same products, the same testing, and share many of the same causes of action.  Intervention is plainly appropriate here.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs-Intervenors respectfully request that the Court grant their motion for leave to intervene.


Dated:  January 20, 2015              Respectfully submitted,

                                      **BURSOR & FISHER, P.A.**


                              By:   */s/ L. Timothy Fisher*
                                     L. Timothy Fisher

                              L. Timothy Fisher (State Bar No. 191626)
                              Julia A. Luster (State Bar No. 295031)
                              1990 North California Boulevard, Suite 940
                              Walnut Creek, CA 94596
                              Telephone:  (925) 300-4455
                              Facsimile:  (925) 407-2700
                              E-Mail: ltfisher@bursor.com
                                       jluster@bursor.com

                              **BURSOR & FISHER, P.A.**
                              Scott A. Bursor (State Bar No. 276006)
                              Neal J. Deckant (admitted *pro hac vice*)
                              888 Seventh Avenue

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
            ndeckant@bursor.com

*Attorneys for Plaintiff*
*And the Interested Parties*