**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
       jluster@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs-Intervenors*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURY SMITH, BEN HALL, BRIAN ANDACKY, and JOSEPH VALLILLO, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs-Intervenors,<br><br>    v.<br><br>STARKIST CO.,<br><br>                  Defendant. | Case No. 13-CV-00729-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**CLASS ACTION COMPLAINT IN INTERVENTION**<br><br>**JURY TRIAL DEMANDED** |

1    Plaintiffs-Intervenors Laury Smith, Ben Hall, Brian Andacky, and Joseph Vallillo

2 (collectively, "Plaintiffs-Intervenors") bring this action on behalf of themselves and all others

3 similarly situated against Defendant StarKist Co. ("StarKist" or "Defendant").

4 Plaintiffs-Intervenors make the following allegations pursuant to the investigation of their counsel

5 and based upon information and belief, except as to the allegations specifically pertaining to

6 themselves, which are based on personal knowledge.

7    **NATURE OF ACTION**

8    1.    This is a class action lawsuit on behalf of purchasers of 5-ounce cans of StarKist

9 Chunk Light Tuna in Water, 5-ounce cans of StarKist Solid White Albacore Tuna in Water,

10 5-ounce cans of StarKist Solid White Albacore Tuna in Vegetable Oil, and 5-ounce cans of

11 StarKist Chunk Light Tuna in Vegetable Oil (collectively, "StarKist Tuna").

12    2.    StarKist Tuna is underfilled and thus substantially underweight.  StarKist is cheating

13 purchasers by providing less tuna than they are paying for.  Independent testing by a laboratory

14 retained by Plaintiffs-Intervenors' counsel determined that 5-ounce cans of StarKist Chunk Light

15 Tuna in Water contain an average of only 2.35 ounces of pressed cake tuna when measured

16 precisely according to the methods specified by 21 C.F.R. § 161.190(c).  This is 17.3% below the

17 federally mandated minimum standard of fill of 2.84 ounces for these cans.  *See* 21 C.F.R.

18 § 161.190(c)(2)(i)-(xii).  Another test by the same laboratory revealed that 5-ounce cans of StarKist

19 Chunk Light Tuna in Water contain an average of only 2.41 ounces of pressed cake tuna, which is

20 15.1% below the federally mandated minimum standard of fill for these cans.  *Id.*

21    3.    The same laboratory tests revealed that 5-ounce cans of StarKist Solid White

22 Albacore Tuna in Water contain an average of only 3.01 ounces of pressed cake tuna, which is

23 6.8% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  *Id.*

24 Another test by the same laboratory revealed that 5-ounce cans of StarKist Solid White Albacore

25 Tuna in Water contain an average of only 3.03 ounces of pressed cake tuna, which is 6.2% below

26 the federally mandated minimum standard of fill for these cans.  *Id.*

27    4.    These tests also revealed that 5-ounce cans of StarKist Solid White Albacore Tuna

28 in Vegetable Oil contain an average of only 3.11 ounces of pressed cake tuna, which is 3.7% below

the federally mandated minimum standard of fill of 3.23 ounces for these cans. *Id.* Another test by the same laboratory revealed that 5-ounce cans of StarKist Solid White Albacore Tuna in Vegetable Oil contain an average of only 3.13 ounces of pressed cake tuna, which is 3.1% below the federally mandated minimum standard of fill for these cans. *Id.*

5. Finally, these tests revealed that 5-ounce cans of StarKist Chunk Light Tuna in Vegetable Oil contain an average of only 2.81 ounces of pressed cake tuna, which is 1.1% below the federally mandated minimum standard of fill of 2.84 ounces for these cans. *Id.* Another test by the same laboratory revealed that 5-ounce cans of StarKist Chunk Light Tuna in Vegetable Oil contain an average of only 2.76 ounces of pressed cake tuna, which is 2.8% below the federally mandated minimum standard of fill for these cans. *Id.*

6. Plaintiffs-Intervenors assert claims on behalf of themselves and a nationwide class of purchasers of StarKist Tuna, for breach of express warranty, breach of the implied warranty of merchantability, violation of the California Consumers Legal Remedies Act ("CLRA"), violation of the California Unfair Competition Law ("UCL"), violation of the California False Advertising Law ("FAL"), violation of the Massachusetts Consumer Protection Act, violation of New York Gen. Bus. Law § 349, violation of New York Gen. Bus. Law § 350, violation of the Florida Deceptive And Unfair Trade Practices Act ("FDUTPA"), negligent misrepresentation, and fraud.

## **PARTIES**

7. Plaintiff-Intervenor Laury Smith is a citizen of California who resides in Castro Valley, California. Plaintiff-Intervenor Smith purchased one or more 5-ounce cans of StarKist Chunk Light Tuna in Water, which were underfilled and thus substantially underweight.

8. Plaintiff-Intervenor Ben Hall is a citizen of Massachusetts who resides in Marlborough, Massachusetts. Plaintiff-Intervenor Hall purchased one or more 5-ounce cans of StarKist Chunk Light Tuna in Water and StarKist Solid White Albacore Tuna in Water, which were underfilled and thus substantially underweight.

9. Plaintiff-Intervenor Brian Andacky is a citizen of New York who resides in Hempstead, New York. Plaintiff-Intervenor Andacky purchased one or more 5-ounce cans of StarKist Chunk Light Tuna in Water, which were underfilled and thus substantially underweight.

10.     Plaintiff-Intervenor Joseph Vallillo is a citizen of Florida who resides in Fort Lauderdale, Florida.  Plaintiff-Intervenor Vallillo purchased one or more 5-ounce cans of StarKist Chunk Light Tuna in Water, StarKist Chunk Light Tuna in Vegetable Oil, StarKist Solid White Albacore Tuna in Water, and StarKist Solid White Albacore Tuna in Vegetable Oil, which were underfilled and thus substantially underweight.

11.     Defendant StarKist Co. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.  StarKist is engaged in the processing, packaging, and distribution of canned tuna products.

12.     Whenever reference is made in this Complaint to any representation, act, omission, or transaction of StarKist, that allegation shall mean that StarKist did the act, omission, or transaction through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiffs-Intervenors, as well as most members of the proposed class, are citizens of states different from Defendant.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

14.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff-Intervenor Smith is a citizen of California, resides in this District, and purchased StarKist Tuna from Defendant in this District.  Moreover, Defendant distributed, advertised, and sold StarKist Tuna, which is the subject of the present complaint, in this District.

## CLASS REPRESENTATION ALLEGATIONS

15.     Plaintiffs-Intervenors seek to represent a class defined as all persons in the United States who purchased StarKist Tuna (the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

16.     Plaintiff-Intervenor Smith also seeks to represent a subclass of all Class members who purchased StarKist Tuna in California (the "California Subclass").

17.     Plaintiff-Intervenor Hall also seeks to represent a subclass of all Class members who purchased StarKist Tuna in Massachusetts (the "Massachusetts Subclass").

18.     Plaintiff-Intervenor Andacky also seeks to represent a subclass of all Class members who purchased StarKist Tuna in New York (the "New York Subclass").

19.     Plaintiff-Intervenor Vallillo also seeks to represent a subclass of all Class members who purchased StarKist Tuna in Florida (the "Florida Subclass").

20.     Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and Subclasses number in the millions.  The precise number of Class members and their identities are unknown to Plaintiffs-Intervenors at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third party retailers and vendors.

21.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  whether StarKist Tuna is underfilled and thus substantially underweight; whether Defendant warranted that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can; whether Defendant warranted that StarKist Tuna is legal for sale in the United States; whether Defendant breached these warranties; and whether Defendant committed statutory and common law fraud by doing so.

22.     The claims of Plaintiffs-Intervenors are typical of the claims of the Class in that Plaintiffs-Intervenors purchased StarKist Tuna in reliance on the representations and warranties described above and suffered a loss as a result of that purchase.

23.     Plaintiffs-Intervenors are adequate representatives of the Class and Subclasses because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they

1   intend to prosecute this action vigorously.  The interests of Class members will be fairly and

2   adequately protected by Plaintiffs-Intervenors and their counsel.

3       24.     The class mechanism is superior to other available means for the fair and efficient

4   adjudication of the claims of Class and Subclass members.  Each individual Class member may

5   lack the resources to undergo the burden and expense of individual prosecution of the complex and

6   extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases

7   the delay and expense to all parties and multiplies the burden on the judicial system presented by

8   the complex legal and factual issues of this case.  Individualized litigation also presents a potential

9   for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

10  management difficulties and provides the benefits of single adjudication, economy of scale, and

11  comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment

12  of the liability issues will ensure that all claims and claimants are before this Court for consistent

13  adjudication of the liability issues.

14                                  **COUNT I**

15                          **Breach Of Express Warranty**

16      25.     Plaintiffs-Intervenors hereby incorporate by reference the allegations contained in

17  all preceding paragraphs of this complaint.

18      26.     Plaintiffs-Intervenors bring this claim individually and on behalf of the proposed

19  Class against Defendant.

20      27.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller,

21  expressly warranted that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can

22  and that StarKist Tuna is legal for sale in the United States.

23      28.     In fact, StarKist Tuna is not fit for such purposes because each of these express

24  warranties is false.  Particularly, StarKist Tuna is underfilled and thus substantially underweight,

25  does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United

26  States.

27      29.     As a direct and proximate cause of Defendant's breach of express warranty,

28  Plaintiffs-Intervenors and Class members have been injured and harmed because:  (a) they would

not have purchased StarKist Tuna on the same terms if the true facts were known concerning its

quantity and failure to comply with FDA regulations; (b) they paid a price premium for StarKist

Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can;

and (c) StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as

promised.

## COUNT II

### Breach Of The Implied Warranty Of Merchantability

30.     Plaintiffs-Intervenors hereby incorporate by reference the allegations contained in

all preceding paragraphs of this complaint.

31.     Plaintiffs-Intervenors bring this claim individually and on behalf of the proposed

Class against Defendant.

32.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller,

impliedly warranted that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can

and that StarKist Tuna is legal for sale in the United States.

33.     Defendant breached the warranty implied in the contract for the sale of StarKist

Tuna because it could not pass without objection in the trade under the contract description, the

goods were not of fair average quality within the description, and the goods were unfit for their

intended and ordinary purpose because StarKist Tuna is underfilled and thus substantially

underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale

in the United States.  As a result, Plaintiffs-Intervenors and Class members did not receive the

goods as impliedly warranted by Defendant to be merchantable.

34.     Plaintiffs-Intervenors and Class members purchased StarKist Tuna in reliance upon

Defendant's skill and judgment and the implied warranties of fitness for the purpose.

35.     StarKist Tuna was not altered by Plaintiffs-Intervenors or Class members.

36.     StarKist Tuna was defective when it left the exclusive control of Defendant.

37.     Defendant knew that StarKist Tuna would be purchased and used without additional

testing by Plaintiffs-Intervenors and Class members.

38.     StarKist Tuna was defectively designed and unfit for its intended purpose, and Plaintiffs-Intervenors and Class members did not receive the goods as warranted.

39.     As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiffs-Intervenors and Class members have been injured and harmed because:  (a) they would not have purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT III

### Violation Of California's Consumers Legal Remedies Act,

### California Civil Code §§ 1750, *et seq.*

40.     Plaintiff-Intervenor Smith hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

41.     Plaintiff-Intervenor Smith brings this claim individually and on behalf of the proposed California Subclass against Defendant.

42.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

43.     Defendant violated this provision by misrepresenting that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can and that StarKist Tuna is legal for sale in the United States.

44.     Plaintiff-Intervenor Smith and the California Subclass suffered injuries caused by Defendant because:  (a) they would not have purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that it contained an adequate

1   amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the characteristics,

2   ingredients, uses, benefits, or quantities as promised.

3        45.    On or about May 21, 2014, prior to filing this action, a CLRA notice letter was

4   served on Defendant which complies in all respects with California Civil Code § 1782(a).

5   Plaintiff-Intervenor Smith sent StarKist a letter via certified mail, return receipt requested, advising

6   StarKist that it is in violation of the CLRA and demanding that it cease and desist from such

7   violations and make full restitution by refunding the monies received therefrom.  A true and correct

8   copy of Plaintiff-Intervenor Smith's letter is attached hereto as Exhibit A.

9        46.    Wherefore, Plaintiff-Intervenor Smith seeks damages, restitution, and injunctive

10   relief for this violation of the CLRA.

11   **COUNT IV**

12   **Violation Of California's Unfair Competition Law,**

13   **California Business & Professions Code §§ 17200,** *et seq.*

14        47.    Plaintiff-Intervenor Smith hereby incorporates by reference the allegations

15   contained in all preceding paragraphs of this complaint.

16        48.    Plaintiff-Intervenor Smith brings this claim individually and on behalf of the

17   proposed California Subclass against Defendant.

18        49.    Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof.

19   Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and

20   include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or

21   misleading advertising …."

22        50.    Defendant's misrepresentations and other conduct, described herein, violated the

23   "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described

24   herein; Cal. Com. Code § 2607; the Massachusetts Consumer Protection Act as described herein;

25   New York Gen. Bus. Law § 349 as described herein; New York Gen. Bus. Law § 350 as described

26   herein; and FDUTPA as described herein.

27        51.    Defendant's misrepresentations and other conduct, described herein, violated the

28   "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public

1    policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct

2    outweighs any alleged benefits.

3         52.    Defendant violated the "fraudulent" prong of the UCL by making

4    misrepresentations about StarKist Tuna, as described herein.

5         53.    Plaintiff-Intervenor Smith and the California Subclass lost money or property as a

6    result of Defendant's UCL violations because:  (a) they would not have purchased StarKist Tuna

7    on the same terms if the true facts were known concerning its quantity and failure to comply with

8    FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that

9    it contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the

10   characteristics, ingredients, uses, benefits, or quantities as promised.

11                              **COUNT V**

12                   **Violation Of California's False Advertising Law,**

13            **California Business & Professions Code §§ 17500, *et seq.***

14        54.    Plaintiff-Intervenor Smith hereby incorporates by reference the allegations

15   contained in all preceding paragraphs of this complaint.

16        55.    Plaintiff-Intervenor Smith brings this claim individually and on behalf of the

17   proposed California Subclass against Defendant.

18        56.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*,

19   makes it "unlawful for any person to make or disseminate or cause to be made or disseminated

20   before the public in this state, ... in any advertising device ... or in any other manner or means

21   whatever, including over the Internet, any statement, concerning ... personal property or services,

22   professional or otherwise, or performance or disposition thereof, which is untrue or misleading and

23   which is known, or which by the exercise of reasonable care should be known, to be untrue or

24   misleading."

25        57.    Defendant committed acts of false advertising, as defined by §17500, by

26   misrepresenting that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can and

27   that StarKist Tuna is legal for sale in the United States.

28

58.      Defendant knew or should have known, through the exercise of reasonable care that its representations about StarKist Tuna were untrue and misleading.

59.      Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

60.      Plaintiff-Intervenor Smith and the California Subclass lost money or property as a result of Defendant's FAL violations because:  (a) they would not have purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT VI

### Violation Of The Massachusetts Consumer Protection Act,

### Mass. Gen. L. ch. 93A

61.      Plaintiff-Intervenor Hall hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

62.      Plaintiff-Intervenor Hall brings this claim individually and on behalf of the proposed Massachusetts Subclass against Defendant.

63.      The conduct of Defendant as set forth herein constitutes unfair and deceptive acts or practices in violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. ch. 93A, by misrepresenting that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can and that StarKist Tuna is legal for sale in the United States.  Had Plaintiff-Intervenor Hall and members of the Massachusetts Subclass known this they would not have purchased StarKist Tuna.

64.      Defendant engages in the conduct of trade or commerce and the misconduct alleged herein occurred in trade or commerce.

65.      At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

CLASS ACTION COMPLAINT IN INTERVENTION

10

66.     In satisfaction of Mass. Gen. L. ch. 93A, § 9(3), Plaintiffs-Intervenors have made demand on Defendant more than 30 days prior to this filing by sending presuit letters on behalf of Plaintiffs-Intervenors and the Class.  These letters asserted that rights of consumers had been violated, described the unfair and deceptive acts committed by Defendant, and specified the injuries that Plaintiffs-Intervenors and the Class have suffered and the relief they seek.  Thus, these letters satisfy section 9(3).

67.     As a result of Defendant's unfair and deceptive acts or practices in violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. ch. 93A, Plaintiff-Intervenor Hall and members of the Massachusetts Subclass were injured because:  (a) they would not have purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

68.     As a result of Defendant's violations of Mass. Gen. L. ch. 93A §§ 2(a), 9, Defendant is liable to Plaintiff-Intervenor Hall and the Massachusetts Subclass for up to three times the damages that Plaintiff-Intervenor Hall and the Massachusetts Subclass incurred, or at the very least the statutory minimum award of $25, together with interest, costs, and attorneys' fees.

## COUNT VII

### Violation Of New York Gen. Bus. Law § 349

69.     Plaintiff-Intervenor Andacky hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

70.     Plaintiff-Intervenor Andacky brings this claim individually and on behalf of the proposed New York Subclass against Defendant.

71.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can and that StarKist Tuna is legal for sale in the United States.

72.     The foregoing deceptive acts and practices were directed at consumers.

73.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of StarKist Tuna products to induce consumers to purchase same.

74.     Plaintiff-Intervenor Andacky and members of the New York Subclass were injured because:  (a) they would not have purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

75.     On behalf of himself and other members of the New York Subclass, Plaintiff-Intervenor Andacky seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VIII

### Violation Of New York Gen. Bus. Law § 350

76.     Plaintiff-Intervenor Andacky hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

77.     Plaintiff-Intervenor Andacky brings this claim individually and on behalf of the proposed New York Subclass against Defendant.

78.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law.

79.     Defendant's false, misleading, and deceptive statements and representations of fact were directed at consumers.

80.     Defendant's false, misleading, and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

81.     Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that StarKist Tuna contained an adequate amount of

tuna for a 5-ounce can and that StarKist Tuna is legal for sale in the United States, have resulted in consumer injury or harm to the public interest.

82.     Plaintiff-Intervenor Andacky and members of the Class and New York Subclass were injured because:  (a) they would not have purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

83.     As a result of Defendant's false, misleading, and deceptive statements and representations of fact, Plaintiff-Intervenor Andacky and the New York Subclass have suffered and will continue to suffer economic injury.

84.     Plaintiff-Intervenor Andacky and the New York Subclass suffered an ascertainable loss caused by Defendant's misrepresentations because they paid more for StarKist Tuna than they would have had they known the truth about the product.

85.     On behalf of himself and other members of the New York Subclass, Plaintiff-Intervenor Andacky seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT IX

### Violation Of The Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*

86.     Plaintiff-Intervenor Vallillo hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

87.     Plaintiff-Intervenor Vallillo brings this claim individually and on behalf of the proposed Florida Subclass against Defendant.

88.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* (the "Act").  The express purpose of the Act is to "protect the consuming public … from those who engage in unfair methods of competition, or

unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. §§ 501.202(2).

89.     Plaintiff-Intervenor Vallillo and members of the Florida Subclass are "consumers" within the meaning of Fla. Stat. §§ 501.203(7).

90.     Defendant was engaged in "trade or commerce" as defined by Fla. Stat. §§ 501.203(8).

91.     The sale of StarKist Tuna constituted "consumer transactions" within the scope of Fla. Stat. §§ 501.201 to 501.213.

92.     Fla. Stat. §§ 501.204(1) declares unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

93.     Defendant has violated the Act by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers.  Specifically, Defendant represented that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can such that it was legal for sale in the United States.

94.     Defendant's unfair and deceptive practices are likely to mislead – and have misled – Plaintiff-Intervenor Vallillo and Florida Subclass members acting reasonably under the circumstances, and violates Fla. Stat. §§ 501.204.

95.     Defendant's conduct proximately caused the injuries to Plaintiff-Intervenor Vallillo and the Florida Subclass.

96.     Plaintiff-Intervenor Vallillo and the Florida Subclass have been injured by Defendant's unfair and deceptive practices in that (a) they would not have purchased StarKist Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for StarKist Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) StarKist Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

97.     The damages suffered by Plaintiff-Intervenor Vallillo and the Florida Subclass were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant, as more fully described herein.

98.     Pursuant to Fla. Stat. §§ 501.211(1), Plaintiff-Intervenor Vallillo and the Florida Subclass seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

99.     Additionally, pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Plaintiff-Intervenor Vallillo and the Florida Subclass make claims for damages and attorneys' fees and costs.

## COUNT X

### Negligent Misrepresentation

100.     Plaintiffs-Intervenors hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

101.     Plaintiffs-Intervenors bring this claim individually and on behalf of the proposed Class against Defendant.

102.     As discussed above, Defendant misrepresented that StarKist Tuna contained an adequate amount of tuna for a 5-ounce can and that StarKist Tuna is legal for sale in the United States.  Defendant had a duty to disclose this information.

103.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

104.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about StarKist Tuna.

105.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs-Intervenors and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs-Intervenors and Class members to purchase StarKist Tuna.

106.     Plaintiffs-Intervenors and Class members would not have purchased StarKist Tuna if the true facts had been known.

107.     The negligent actions of Defendant caused damage to Plaintiffs-Intervenors and Class members, who are entitled to damages and other legal and equitable relief as a result.

### COUNT XI

### Fraud

108.     Plaintiffs-Intervenors hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

109.     Plaintiffs-Intervenors bring this claim individually and on behalf of the proposed Class against Defendant.

110.     As discussed above, Defendant provided Plaintiffs-Intervenors and Class members with false or misleading material information and failed to disclose material facts about StarKist Tuna, including but not limited to the fact that it contained an adequate amount of tuna for a 5-ounce can and that StarKist Tuna is legal for sale in the United States.  These misrepresentations and omissions were made with knowledge of their falsehood.

111.     The misrepresentations and omissions made by Defendant, upon which Plaintiffs-Intervenors and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs-Intervenors and Class members to purchase StarKist Tuna.

112.     The fraudulent actions of Defendant caused damage to Plaintiffs-Intervenors and Class members, who are entitled to damages and other legal and equitable relief as a result.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs-Intervenors, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a.     For an order certifying the nationwide Class and the Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs-Intervenors as representatives of the Class and Subclasses and Plaintiffs-Intervenors' attorneys as Class Counsel to represent members of the Class and Subclasses;

b.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

c.      For an order finding in favor of Plaintiffs-Intervenors, the nationwide Class, and the Subclasses on all counts asserted herein;

d.      For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e.      For prejudgment interest on all amounts awarded;

f.      For an order of restitution and all other forms of equitable monetary relief;

g.      For injunctive relief as pleaded or as the Court may deem proper; and

h.      For an order awarding Plaintiffs-Intervenors, the Class, and the Subclasses their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs-Intervenors demand a trial by jury of all issues so triable.

Dated:  January 20, 2015                 Respectfully submitted,

                                         **BURSOR & FISHER, P.A.**


                                         By:  ___*/s/ L. Timothy Fisher*_____
                                               L. Timothy Fisher

                                         L. Timothy Fisher (State Bar No. 191626)
                                         Julia A. Luster (State Bar No. 295031)
                                         1990 North California Boulevard, Suite 940
                                         Walnut Creek, CA 94596
                                         Telephone:  (925) 300-4455
                                         Facsimile:  (925) 407-2700
                                         E-Mail: ltfisher@bursor.com
                                                 jluster@bursor.com

                                         **BURSOR & FISHER, P.A.**
                                         Scott A. Bursor (State Bar No. 276006)
                                         Neal J. Deckant (admitted *pro hac vice*)
                                         888 Seventh Avenue
                                         New York, NY  10019
                                         Telephone: (212) 989-9113
                                         Facsimile:  (212) 989-9163
                                         E-Mail: scott@bursor.com
                                                 ndeckant@bursor.com

                                         *Attorneys for Plaintiffs-Intervenors*

I, Laury Smith, declare as follows:

1.     I am a plaintiff in this action and a citizen of the State of California.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.     The complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) in that Defendant conducts a substantial amount of business in this District.

3.     While living in California, I purchased one or more 5-ounce cans of StarKist Chunk Light Tuna in Water for my household and for my personal use.  I purchased StarKist Chunk Light Tuna in Water after I read the label on the can that said it contained an adequate amount of tuna for a 5-ounce can.  The representations on the label were substantial factors influencing my decision to purchase StarKist Chunk Light Tuna in Water.  I would not have purchased StarKist Chunk Light Tuna in Water had I known that the cans were underfilled and underweight.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on September __11__, 2014 at Castro Valley, California.


_Laury Smith_
LAURY SMITH

**EXHIBIT A**

# BURSOR & FISHER
P.A.

1990 NORTH CALIFORNIA BLVD.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

L. TIMOTHY FISHER
Tel: 925.482.1515
Fax: 925.407.2700
ltfisher@bursor.com

May 21, 2014

*__Via Certified Mail – Return Receipt Requested__*

StarKist Co.
225 N. Shore Dr., Ste. 400
Pittsburgh, PA  15212

*Re:*    *Demand Letter Pursuant to California Civil Code § 1782*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by StarKist Co. ("StarKist")  pursuant to the provisions of California Civil Code § 1782, on behalf of our client, Laury Smith, and a class of all similarly situated purchasers of StarKist Chunk Light Tuna in Water (the "Class").



Our client purchased one or more 5-ounce cans of StarKist Chunk Light Tuna in Water, which were underfilled and thus substantially underweight.  Independent testing by a laboratory retained by our firm determined that 5-ounce cans of StarKist Chunk Light Tuna in Water contain an average of only 2.35 ounces of pressed cake tuna when measured precisely according to the methods specified by 21 C.F.R. § 161.190(c).  This is 17.3% below the federally mandated minimum standard of fill for these 5-ounce cans.  *See* 21 C.F.R. § 161.190(c)(2)(i)-(xii).  StarKist is cheating purchasers by providing 17.3% less tuna than purchasers are paying for.

By systematically underfilling and selling short-weighted cans of StarKist Chunk Light Tuna in Water, StarKist has violated and continues to violate subsection (a)(5) of the Consumers Legal Remedies Act, Civil Code § 1770, which prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have.

BURSOR&FISHER
P.A.

On behalf of our client and the Class, we hereby demand that StarKist immediately (1) cease and desist from continuing to underfill and sell short-weighted cans of tuna; (2) issue an immediate recall of these underfilled, short-weighted cans; and (3) make full restitution to all purchasers of StarKist tuna of all purchase money obtained from sales thereof.

We also demand that StarKist preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.      All documents concerning the packaging, canning, and manufacturing process for StarKist Chunk Light Tuna in Water;

2.      All documents concerning the measurements of the quantity of tuna in StarKist Chunk Light Tuna in Water;

3.      All standard of fill tests conducted on StarKist Chunk Light Tuna in Water;

4.      All documents concerning the pricing, advertising, marketing, and/or sale of StarKist Chunk Light Tuna in Water;

5.      All communications with customers concerning complaints or comments concerning the underfilling, short-weighting, or otherwise referencing the quantity of tuna in StarKist Chunk Light Tuna in Water.

If StarKist contends that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

This letter also serves as a thirty (30) day notice and demand requirement under § 1782 for damages.  Accordingly, should StarKist fail to rectify the situation on a class-wide basis within 30 days of receipt of this letter, we will seek actual damages, plus punitive damages, interest, attorneys' fees and costs.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

L. Timothy Fisher