**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
        jluster@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
         ndeckant@bursor.com

*Attorneys for Plaintiff
and the Interested Parties*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>  v.<br><br>STARKIST CO.,<br><br>                Defendant. | Case No. 13-CV-00729-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO MOTION FOR LEAVE TO INTERVENE**<br><br>Date:  April 21, 2015<br>Time:  2:00 p.m.<br>Courtroom 1, 4th Floor |

**TABLE OF CONTENTS**

**PAGE(S)**

I.    INTRODUCTION ................................................................................................................1

II.    ARGUMENT ......................................................................................................................2

    A.    The Motion Is Timely................................................................................................2

    B.    Permitting Intervention Will Not Cause Unfair Prejudice .........................................4

    C.    Plaintiffs-Intervenors Have Already Justified Their Reasons For Seeking Leave To Intervene .......................................................................................5

III.    CONCLUSION ...................................................................................................................6

I.      INTRODUCTION

In its opposition brief, Defendant StarKist Co. ("StarKist") *does not dispute* that Plaintiffs-Intervenors have "independent grounds for federal jurisdiction," or that their claims have "question[s] of fact in common" with Plaintiff Hendricks's claims. See Fed. R. Civ. P. 24(b)(1)(B) ("On timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."). Rather, StarKist merely contends that Plaintiffs-Intervenors' motion is untimely and unfairly prejudicial. See Defs.' Br. at 6-11. Neither is true.[1]

First, Plaintiffs-Intervenors' motion is not untimely. At the time of filing, StarKist had six weeks to prepare its opposition to Plaintiff's Motion For Class Certification, and the end of fact discovery was over ten weeks away. As discussed in Plaintiffs-Intervenors' moving brief, there was plenty of time to serve written discovery. Plaintiffs-Intervenors also agreed to make themselves available for depositions on short notice. See Moving Br. 1 ("There is still plenty of time to serve written discovery, and Plaintiffs-Intervenors will work in good faith to schedule their depositions as soon as practicable."). Yet, StarKist did nothing. It did not serve any new written discovery. Nor did it make any attempt to schedule depositions. StarKist now cries foul and argues that it has insufficient time to complete these tasks. Nonetheless, Plaintiffs-Intervenors reaffirm their promise to work in good faith to complete whatever discovery StarKist needs for its opposition to class certification.

Second, Plaintiffs-Intervenors' motion is not unfairly prejudicial. Indeed, the factual and legal issues presented in this matter will not be substantially expanded if intervention is permitted. Just like Plaintiff Hendricks, Plaintiffs-Intervenors are consumers who purchased underfilled cans of StarKist Tuna within the class period. See Complaint In Intervention ¶¶ 7-10. And just like

---

[1] Additionally, StarKist argues that Plaintiffs-Intervenors "[d]o [n]ot [j]ustify" the reasons for their proposed intervention. Defs.' Br. at 13. However, StarKist fails to cite *any* legal authority showing that Plaintiffs-Intervenors are required to do so. See Defs.' Br. at 5-6 ("Legal Standards" section, which says nothing about "justifying" a motion to intervene). Nonetheless, Plaintiffs-Intervenors have already explained why they want to intervene. See Moving Br. at 1 ("Plaintiffs-Intervenors seek leave to intervene so that they can participate in this action as named plaintiffs. … [T]he Plaintiffs-Intervenors also seek to represent subclasses from each of their respective states.").

1  Plaintiff Hendricks, each reviewed the same product packaging, and each relied on the
2  representation that the products contained an adequate amount of tuna for a 5-ounce can.  *See id.*
3  Furthermore, the Plaintiffs-Intervenors bring the same legal claims as Patrick Hendricks – except
4  that they also bring claims for violation of their *respective states'* consumer protection statutes,
5  instead of just California.  *See id.* ¶¶ 25-112.  In sum, it is difficult to imagine how permitting
6  Plaintiffs-Intervenors' claims to move forward would cause any unfair prejudice.[2]  Tellingly,
7  StarKist fails to describe this purported prejudice with any specificity.

8  Permissive intervention is a discretionary standard.  However, StarKist's opposition brief
9  demonstrates that permitting intervention will not cause any significant issues for the Court's
10 schedule, or for the management of this case.  It should be permitted.

11 **II.   ARGUMENT**

12 "Permissive intervention requires:  '(1) an independent ground for jurisdiction; (2) a timely
13 motion; and (3) a common question of law and fact between the movant's claim or defense and the
14 main action.'"  *Mishewal Wappo Tribe of Alexander Valley v. Salazar*, 534 Fed. Appx. 665, 667
15 (9th Cir. 2013) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th
16 Cir. 2011)); *see also United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002)
17 (same); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1988) (same).  "Even if an applicant
18 meets these three requirements, the district court has discretion to deny permissive intervention."
19 *Mishewal Wappo Tribe*, 534 Fed. Appx. at 667; *Donnelly*, 159 F.3d at 412 (same).  Nonetheless,
20 courts "generally construe Rule 24 liberally in favor of potential intervenors."  *In re Benny*, 791
21 F.2d 712, 721 (9th Cir. 1986).

22 **A.   The Motion Is Timely**

23 As discussed in Plaintiffs-Intervenors' moving brief, StarKist had plenty of time to take
24 discovery prior to its deadline to oppose to class certification on March 3, 2015.  Indeed,
25 Plaintiffs-Intervenors filed their moving brief on January 20, 2015, which was <u>six weeks</u> from the

---

[2] If StarKist wants to move for dismissal of the new consumer protection claims, then it can file a Rule 12(b)(6) motion at any time.  This should not stop the rest of Plaintiffs-Intervenors' claims from moving forward.  *See* Moving Br. at 1 (same proposal).

deadline of StarKist's opposition brief, and <u>ten weeks</u> from the close of non-expert discovery on April 1, 2015. Additionally, Plaintiffs-Intervenors agreed to "work with Defendant in good faith to schedule their depositions as soon as practicable." Moving Br. at 1. Accordingly, it was entirely feasible for StarKist to serve written discovery and take Plaintiffs-Intervenors' depositions before its deadline to oppose class certification.

However, StarKist did not act. No written discovery was served. No notices of deposition were served. In fact, StarKist did not even ask for Plaintiffs-Intervenors' availability for deposition dates. *See* Local Rule 30-1 ("[B]efore noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party. A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena.").

Now, StarKist argues that it has run out of time. However, StarKist would not be in this position if it had served timely discovery requests. Regardless, Plaintiff-Intervenors reaffirm their pledge to work with StarKist in good faith to complete any necessary discovery prior to StarKist's deadline to oppose class certification. *See, e.g.*, *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977) (finding that a motion to intervene filed after dismissal but within appeal period is timely); *In re Community Bank of Northern Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) (finding that a motion to intervene was presumptively timely because it was filed within the opt-out period as part of a settlement); *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 382 (D. Del. 1990) (finding that any delay caused by plaintiff class member's intervention was outweighed by benefit to the class).

StarKist's cases are inapposite, because the stage of the current proceedings in this matter is far less advanced than in any of StarKist's cases. For example, in *League of United Lain Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ("*LULAC*"), the court had ruled on a motion to dismiss, preliminarily certified a class, ruled on motions for summary judgment. Likewise, in *Smith v. Marsh*, 194 F.3d 1045 (9th Cir. 1999), the complaint had been answered, and the court had ruled on class certification, summary judgment, and several motions concerning a jury trial.

Here, by contrast, the close of fact discovery is over seven weeks away, there are no summary judgment motions pending, and the hearing on Plaintiff's motion for class certification is ten weeks away. In short, none of the timeliness concerns presented in *LULAC* or *Smith* are present here.

### B.      Permitting Intervention Will Not Cause Unfair Prejudice

StarKist contends that "the prejudice … here of granting the Motion is patent and substantial." Defs.' Br. at 11. However, StarKist fails to describe what, exactly, this "patent and substantial" prejudice would be. Instead, StarKist baldly asserts that intervention would "wholly disrupt the schedule of this case … and require analysis of the pleadings by four additional plaintiffs asserting four additional claims" for violation of their respective states' consumer protection statutes. *Id.* But given the facts and legal theories at issue, it is highly unlikely that this purported disruption would actually occur.

<u>First</u>, the facts concerning Plaintiffs-Intervenors' purchase of StarKist Tuna are virtually the same as those of Plaintiff Hendricks. Each bought underfilled cans of StarKist Tuna within the class period, each reviewed the same product packaging, each purchased the products in reliance on the representation that the products contained an adequate amount of tuna for a 5-ounce can, and each "suffered a loss as a result of that purchase." *Compare* Complaint In Intervention ¶¶ 1-10; *with* Hendricks Complaint ¶¶ 1-5. Both complaints even reference the same laboratory testing in support of their claims. *Compare* Complaint In Intervention ¶ 2; *with* Hendricks Complaint ¶ 2 (both complaints bringing the same allegations based on the same test results). In sum, there is nothing new here. These are the same facts as before.

<u>Second</u>, the legal claims are largely the same as before. That is, Plaintiffs-Intervenors bring the same legal claims as Plaintiff Hendricks, except that they also bring claims for violation of their *respective states'* consumer protection statutes instead of just California. If StarKist contends that any of these new consumer protection claims should be subject to dismissal, then it can simply file a Rule 12 motion. There is no reason to believe that a renewed Rule 12(b)(6) motion on these consumer protection statutes would be complicated, nor has StarKist made any showing that it

would be.  In the meantime, there is no reason to delay the rest of Plaintiffs-Intervenors' claims from moving forward along with Plaintiff Hendricks's claims.

In sum, StarKist has already litigated these exact issues.  There are no new facts (aside from the Plaintiffs-Intervenors' basic purchase details), nor any novel legal theories.  Permitting intervention would cause no surprise or prejudice to StarKist.

### C. **Plaintiffs-Intervenors Have Already Justified Their Reasons For Seeking Leave To Intervene**

StarKist contends that Plaintiffs-Intervenors have failed to "justify" their reasons for seeking leave to intervene.  However, this consideration goes well beyond the relevant legal standard for Rule 24(b)(1)(B) motions.  *See* Defs.' Br. at 5-6 ("Legal Standards" section, which says nothing about "justifying" a motion to intervene).  Nor does StarKist cite any authority that Plaintiffs-Intervenors must do so.  Regardless, Plaintiffs-Intervenors have already offered an explanation in their moving brief:

> Specifically, Plaintiffs-Intervenors seek leave to intervene so that they can participate in this action as named plaintiffs. Additionally, as discussed in the contemporaneously-filed Motion For Class Certification, the Plaintiffs-Intervenors also seek to represent subclasses from each of their respective states.

Moving Br. at 1.

StarKist ignores this explanation, and instead cites to two irrelevant cases.  First, StarKist cites to *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009) for the assertion that "the most important factor to determine whether a proposed intervener is adequately represented by a present party to the action is how the intervener's interest compares with the interests of existing parties.  Where the party and the proposed intervener share the same ultimate objective, a presumption of adequacy of representation applies …."  However, this portion of *Perry* concerned a Rule 24**(a)** motion for *mandatory* intervention, which requires that the court consider whether the "existing parties adequately represent th[e] interest[s]" of the intervenors.  *See* Fed. R. Civ. P. 24.  Here, this consideration has no place in Rule 24**(b)(1)(B)** motions for *permissive* intervention.  *See id.*

REPLY TO MOTION FOR LEAVE TO INTERVENE                                                                                      5
CASE NO. 13-CV-00729-YGR

Second, this case is nothing like the facts of *Ho v. Ernst & Young LLP*, 2012 WL 95342 (N.D. Cal. Jan. 11, 2012), which concerned a motion to intervene brought after *six years* of litigation.  In *Ho*, the litigation was substantially more advanced than the present matter – the litigants had already (i) added three new plaintiffs in a motion to amend, (ii) had one plaintiff dismissed on summary judgment, (iii) dismissed two plaintiffs pursuant to a stipulation, (iv) survived another motion for summary judgment, (v) consolidated the matter with two other cases, and (vi) moved for class certification.  *Id.*, at *1-2.  Here, by contrast, the parties have not completed discovery, have not moved for class certification, and have not moved for summary judgment.  In sum, none of the concerns of *Ho* are present.  Intervention will not disrupt the Court's schedule.  *See* Moving Br. at 1 ("[I]ntervention will have no impact on the Court's schedule.").

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs-Intervenors respectfully request that the Court grant their motion for leave to intervene.

Dated:  February 10, 2015                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ L. Timothy Fisher*
              L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
              jluster@bursor.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
        ndeckant@bursor.com

*Attorneys for Plaintiff*
*and the Interested Parties*

REPLY TO MOTION FOR LEAVE TO INTERVENE
CASE NO. 13-CV-00729-YGR

7