**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         jluster@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
         ndeckant@bursor.com

*Attorneys for Plaintiff
And the Interested Parties*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>STARKIST CO.,<br><br>                    Defendant. | Case No. 13-CV-00729-HSG<br><br>**PLAINTIFF'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date: April 16, 2015<br>Time: 2:00 p.m.<br>Courtroom 15, 18th Floor<br><br>Hon. Haywood S. Gilliam, Jr. |

1    StarKist's opposition to class certification includes a declaration by Dominique M. Hanssens, Ph.D., describing a survey which purports to find that many class members "cannot recall how many StarKist 5-ounce cans of tuna they purchased in each year of the proposed class period." Hanssens Decl. ¶ 18 (Dkt. No. 115). StarKist cites Dr. Hanssens' survey as evidence that the class is not ascertainable. Opp. Br. at 16:18-19 ("Survey evidence in this case confirms that most consumers will not be able to recall their purchases of StarKist 5 oz. tuna during the class period."). But Dr. Hanssens' survey and deposition testimony actually confirm the opposite – that consumers <u>are</u> able to recall their purchases of StarKist 5 oz. tuna sufficiently to identify themselves as class members for purposes of this case.

Dr. Hanssens was deposed on April 8, 2015, the day after Plaintiff's reply brief was due. He confirmed that his survey screened respondents to identify purchasers of StarKist 5 oz. tuna, to ensure that he was surveying the relevant population, *i.e.*, class members:

> Q:   And how do you do that?
>
> A:   Well, we asked in one of the questions whether they had purchased StarKist, which was one brand listed among several brands. So we looked for the presence of StarKist on the list of brands that the subject identified as having purchased.
>
> Q:   And if the respondent identified StarKist among the brands purchased, you concluded that they were a purchaser of StarKist tuna?
>
> A:   Correct.

Hanssens Dep. at 8:9-18, Bursor Supp. Decl. Ex. A.

> Q:   And from those responses, you concluded that they had purchased StarKist?
>
> A:   Correct.
>
> Q:   You concluded that they had purchased five-ounce cans of tuna from the StarKist brand, right?
>
> A:   That – correct. That's a more precise answer, because you were asking about five ounces.
>
> Q:   And you concluded that they made those purchases since 2009, right?

|   |   |   |
|---|---|---|
| A: | Yes. |

*Id.* at 13:7-17.

| Q: | Do you have a reasonable degree of confidence that people who responded to this question by indicating that they purchased StarKist had actually purchased StarKist tuna since 2009? |
|---|---|
| A: | Yes. |

*Id.* at 14:14-18.

Dr. Hanssens' ability to screen respondents to ensure they were class members confirms that the class is ascertainable. His confidence that class members could remember their purchases with sufficient detail to self-identify for purposes of his survey should provide equal confidence that class members can be ascertained based on the same objective criteria in the class definition.

Dr. Hanssens' finding that less than a third of class members could recall exactly "how many cans they purchased" for each year since 2009, Hanssens Decl. ¶ 51, is of no moment. Such precision is unnecessary to determine class membership, since there is no numerical cutoff. Such precision also is unnecessary for purposes of calculating damages, since the class's damages will be calculated in the aggregate, based on sales data from StarKist and IRI, not on a class-member by class-member basis. *See, e.g.*, *Forcellati v. Hyland's, Inc.*, 2014 WL 1410264, at *5 (C.D. Cal. Apr. 9, 2014) ("Defendants have no cognizable interest in challenging class membership because its aggregate liability is tied to a concrete, objective set of facts – its total sales – that will remain the same no matter how many claims are submitted."); *see also* Plaintiff's 4/7/15 Reply Br. at 11:7-17 ("Both the Supreme Court and the Ninth Circuit have made clear that damage calculations need not be exact.").

Dated:  April 10, 2015          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  /s/ *Scott A. Bursor*
         Scott A. Bursor

Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019

PLAINTIFF'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION   2
CASE NO. 13-CV-00729-HSG

Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
          ndeckant@bursor.com

**BURSOR & FISHER, P.A.**

L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
          jluster@bursor.com

*Attorneys for Plaintiff*
*And the Interested Parties*