**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         jluster@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
          ndeckant@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STARKIST CO.,<br><br>　　　　　　　　　　　Defendant. | Case No. 13-CV-00729-HSG<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL**<br><br>Hon. Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION AND ADMINISTRATIVE MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Northern District of California Civil Rule Local Rules 7-11 and 79-5, Plaintiff Patrick Hendricks ("Plaintiff") hereby moves the Court for an order allowing it to file under seal the following Confidential Information in Plaintiff's Notice Of Motion And Motion For Preliminary Approval Of Class Action Settlement: certain confidential information at 12:16, 13:23-24, 13:26, 14:1, 14:3, 14:6, 14:7, 18:26, and 18:28.

This administrative motion is based on the following Memorandum of Points and Authorities, and the concurrently filed documents in support of this motion (the "Documents"), and all pleadings and papers on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Confidential Information cited in the Documents has been designated as confidential by Defendant StarKist pursuant to the August 7, 2014 Amended Stipulated Protective Order (Dkt No. 71). Northern District Civil Local Rule 79-5(c) provides that counsel seeking to file portions of documents under seal may file a motion under Local Rule 7-11 and may lodge with the Court documents for which redacting is requested. Civil Local Rule 79-5(a) provides that the Court may order documents sealed if they are "privileged or protectable as trade secret or otherwise entitled to protection under the law . . . ." Plaintiff has lodged the Documents in the manner provided for in Local Rule 79-5(c). There is good cause to permit the Confidential Information to be redacted from the public versions of the Documents.

This Court has the power to seal records to protect confidential and proprietary business information. Both federal and California law recognize that courts should employ reasonable means to protect trade secrets or other confidential commercial and that allowing the redaction of such information from publically filed documents is one of those means. *See* Civil Local Rule 79-5; Fed. R. Civ. P. 26(c)(1)(G) (a court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed"); Cal. Civ.

Code § 3426.5 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of an action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.")

Though the courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited:

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

In discussing examples of improper purposes, the Court observed that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.* As the Ninth Circuit has put it:

> The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (internal citations omitted).

As noted above, the Confidential Information is subject to the August 7, 2014 Amended Stipulated Protective Order (Dkt No. 71). The Documents contain confidential and privileged information prepared by Defendant StarKist and provided to Plaintiff on a confidential basis. The Confidential Documents discuss and/or relate to StarKist's production process, analysis and testing of StarKist products, and confidential communications between StarKist employees. Accordingly, the parties consider the Confidential Information a "trade secret[s] or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The interest in public disclosure is also outweighed by Parties' confidentiality interest. Public disclosure of the Confidential Information may harm Defendant StarKist's competitive standing and thus cause the

Court's file to serve as a potential vehicle for an improper purpose. Such disclosure will also subject Defendant StarKist to "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1)(G).

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant this Administrative Motion and permit Plaintiff to redact the Confidential Information from the public version of Plaintiff's Notice Of Motion And Motion For Preliminary Approval Of Class Action Settlement.

Dated:  May 14, 2015                         Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Scott A. Bursor*
            Scott A. Bursor

Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
            ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
            jluster@bursor.com

*Attorneys for Plaintiff*