**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
          jluster@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
           ndeckant@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>     v.<br><br>STARKIST CO.,<br><br>                              Defendant. | Case No. 13-CV-00729-HSG<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL**<br><br>Hon. Haywood S. Gilliam, Jr. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND ADMINISTRATIVE MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Northern District of California Civil Rule Local Rules 7-11 and 79-5, Plaintiff Patrick Hendricks ("Plaintiff") hereby moves the Court for an order allowing it to file under seal the Confidential Information attached as Exhibit 1 to Declaration Of Colin B. Weir In Support Of Final Approval Of Proposed Settlement, filed concurrently with Plaintiff's Notice Of Motion And Motion For An Award Of Attorneys' Fees, Costs And Expenses, And Incentive Awards For The Class Representative And Interested Parties.

This administrative motion is based on the following Memorandum of Points and Authorities, and the concurrently filed documents in support of this motion (the "Documents"), and all pleadings and papers on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Confidential Information cited in the Documents has been designated as confidential pursuant to the August 7, 2014 Amended Stipulated Protective Order by Outside Counsel for Information Resources, Inc. ("IRI") (Dkt No. 71). Pursuant to the Amended Protective Order, third parties may designate material as "Confidential" under the terms of the Protective Order if the material is privileged under Northern District Civil Local Rule 79-5. Amended Protective Order at § 9 (Dkt No. 71). Local Rule 79-5(c) provides that counsel seeking to file portions of documents under seal may file a motion under Local Rule 7-11 and may lodge with the Court documents for which redacting is requested. Civil Local Rule 79-5(a) provides that the Court may order documents sealed if they are "privileged or protectable as trade secret or otherwise entitled to protection under the law . . . ." Plaintiff has lodged the Documents in the manner provided for in Local Rule 79-5(c). There is good cause to permit the Confidential Information to be redacted from the public versions of the Documents.

This Court has the power to seal records to protect confidential and proprietary business information. Both federal and California law recognize that courts should employ reasonable

means to protect trade secrets or other confidential commercial and that allowing the redaction of such information from publically filed documents is one of those means.  *See* Civil Local Rule 79-5; Fed. R. Civ. P. 26(c)(1)(G) (stating a court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed"); Cal. Civ. Code § 3426.5 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of an action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.")

Though the courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited:

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

In discussing examples of improper purposes, the Court observed that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.* As the Ninth Circuit has put it:

> The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (internal citations omitted).

As noted above, the Confidential Information is subject to the August 7, 2014 Amended Stipulated Protective Order (Dkt No. 71).  The Documents contain confidential and privileged information regarding Defendant StarKist's pricing and data set that specifies the number of units sold by Defendant StarKist during the class period, as well as dollar sales and average price information for the Products at issue in this lawsuit.  The information was provided by third party

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL         2
CASE NO. 13-CV-00729-HSG

1   IRI on a confidential basis. Accordingly, the parties consider the Confidential Information a "trade
2   secret[s] or other confidential research, development, or commercial information." Fed. R. Civ. P.
3   26(c)(1)(G). The interest in public disclosure is also outweighed by Parties' confidentiality
4   interest. Public disclosure of the Confidential Information may harm Defendant StarKist's
5   competitive standing and thus cause the Court's file to serve as a potential vehicle for an improper
6   purpose. Such disclosure will also subject Defendant StarKist and third Party IRI to "annoyance,
7   embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1)(G).

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant this Administrative Motion and permit Plaintiff to redact the Confidential Information from Exhibit 1 to the public version of Declaration Of Colin B. Weir In Support Of Final Approval Of Proposed Settlement.

Dated:  October 30, 2015                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ Scott A. Bursor*
         Scott A. Bursor

Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
              ndeckant@bursor.com


**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
              jluster@bursor.com

*Attorneys for Plaintiff*