BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.cm
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

Attorneys for Objector Elizabeth Twitchell

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STARKIST CO.,<br><br>　　　　　Defendant. | Case No. 3:13-cv-00729-HSG<br><br>**OBJECTION TO PROPOSED SETTLEMENT**<br><br><br>DATE:　　　December 17, 2015<br>TIME:　　　2:00 p.m.<br>CRTRM:　　15 – 18th Floor<br>JUDGE:　　Hon. Haywood S. Gilliam, Jr. |

## I. INTRODUCTION

This objection is filed on behalf of Elizabeth Twitchell ("Objector") as well as putative classes of end-user purchasers of packaged seafood products ("PSPs") throughout the United States who bought PSPs between January 1, 2000 and the present ("the Relevant Period"). Objector and some of the other members of the putative classes are Plaintiffs in the action *Olive et al. v. Bumble Bee Foods LLC et al.*, Case No. 3:15-cv-01909 (S.D. Cal), filed Aug. 28, 2015 (the "*Olive* Action"). In this action, Objector represents herself as well as nationwide putative classes seeking injunctive relief on behalf of purchasers of PSPs pursuant to the Sherman Act, 15 U.S.C. § 1, and injunctive and equitable relief under North Carolina's antitrust statute, N.C. Gen. Stat. § 75-1, *et seq.*; the North Carolina Unfair Trade and Business Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*; and the Virginia Consumer Protection Act, Va. Code Ann. § 52.1-200, *et seq.* Other plaintiffs in the *Olive* Action seek relief under the Sherman Act as well as the state antitrust laws and/or consumer protection laws of California, Alabama, Arizona, the District of Columbia, Florida, Illinois, Michigan, New York, Tennessee, Utah, Vermont, and Wisconsin. Objector objects to this settlement on the grounds that the settlement releases Defendant from all claims, damages and liabilities arising from "the purchase of any of the StarKist Products at any time on or after February 19, 2009 and prior to November 1, 2014." *See* ECF No. 187, Ex. 1, ¶ 6.1.

This settlement allows for a far broader release than is contemplated under Plaintiff's complaint. As a result, Objector states that the proposed settlement is inherently unfair to the rights of other purchasers and should be rejected.

## II. OBJECTOR IS A MEMBER OF THE CLASS

Objector Elizabeth Twitchell is a member of the Class in the present litigation (the "*Hendricks* Action"). Objector purchased the StarKist Products as described in the Stipulation of Settlement (ECF No. 187, Ex. 1, ¶ 1.30) between February 19, 2009 and November 1, 2014. Objector has not filed a claim in the present litigation. Further, Objector believes there is extensive overlap between the putative Classes she represents in the *Olive* Action and the Class in the present litigation. While not every member of the putative *Olive* Classes are members of

- 1 -

the *Hendricks* Class, virtually every member of the *Hendricks* Class is a member of at least one of the *Olive* Classes.

**III.     ARGUMENT**

A fundamental factor in deciding whether or not a class action should be settled is that the settlement must be "fundamentally fair, adequate and reasonable." *Laguna v. Coverall N. Am. Inc.*, 753 F.3d 918, 921 (9th Cir. 2014) (citation omitted). Further, courts are instructed to give higher scrutiny to cases in which a settlement is tendered along with a motion for class certification. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In the present case, class members are asked to approve a settlement which releases all class members, nationwide from:

> ". . . any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities, whether legal, equitable, or otherwise, relating in any way to the claims asserted or the factual allegations made in the Action, including without limitation the alleged under-filling of the StarKist Products **and/or the purchase of any of the StarKist Products at any time on or after February 19, 2009 and prior to November 1, 2014** (collectively, 'the Claims')."

ECF No. 187, Ex. 1, ¶ 6.1 (emphasis added).

A plain-text reading of this release is that ***any*** claim regarding the StarKist Products made during the Relevant Period is released. This is impermissible. It would release even claims wholly unrelated to the *Hendricks* Action, for example personal injury litigation or, more relevant to this objection, antitrust claims.

In exchange for this exceptionally broad release, class members in the *Hendricks* Action are currently expected to receive either $2.11 cash or a voucher for $4.68 worth of tuna. *See* ECF No. 262 at 12. Plaintiff may not grant, and Defendant may not receive, a release of *every single claim* related to the purchase of the most popular types of StarKist tuna over a more-than 68 month period for such an amount, when there are clearly other, more valuable claims that some purchasers are actively litigating.

Objector's claims are related to an industry-wide conspiracy to *per se* fix the prices of PSPs throughout the industry during a period that both precedes and succeeds that of the claims in the *Hendricks* Action. Objector submits that a preservation of her rights, and those of the

1  putative Classes she represents, could be best accomplished by a minor modification to the terms
2  of the settlement.  Objector respectfully submits that, by changing the language of the above-
3  referenced clause to the following, all parties can be satisfied:

> . . . any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities, whether legal, equitable, or otherwise, relating in any way the claims asserted or the factual allegations made in the Action, ~~including without limitation~~ **regarding** the alleged under-filling of the StarKist Products and~~/or~~ the purchase of any of the StarKist Products at any time on or after February 19, 2009 and prior to November 1, 2014 (collectively, 'the Claims'). **Excluded from this release are all claims arising from the restraint of trade, or setting of prices of StarKist Products in conjunction with any other producer of shelf-stable packaged seafood products**.

Objector makes no additional representations regarding the fairness, adequacy, or reasonableness of the settlement process, nor does Objector seek any part of the settlement payment or of the attorneys' fees as they have been negotiated between Plaintiff and Defendant.

### IV.     CONCLUSION

Objector and the putative Classes she represents feel that a minor alteration in the release language will allow the *Olive* Action, along with any other actions with which the *Olive* Action may be consolidated, to preserve their rights to litigate matters unrelated to this *Hendricks* Action.  The relief Objector seeks is minor, and it will neither prejudice the parties nor slow the pace of settlement in the *Hendricks* Action.  For these reasons, Objector respectfully requests this Court modify the settlement in the above-referenced manner or in a similar way that does not prejudice the claims of Objector and the putative classes she represents.

Dated: November 20, 2015                      Respectfully submitted,

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**

By:     */s/ Rachele R. Rickert*
            RACHELE R. RICKERT

BETSY C. MANIFOLD
RACHELE R. RICKERT
MARISA C. LIVESAY
BRITTANY N. DEJONG
750 B Street, Suite 2770
San Diego, CA 92101

- 3 -

Telephone:   619/239-4599
Facsimile:    619/234-4599
manifold@whafh.com
rickert@whafh.com
livesay@whafh.com
dejong@whafh.com

**LAW OFFICES OF FRANCIS O. SCARPULLA**
FRANCIS O. SCARPULLA
PATRICK B. CLAYTON
456 Montgomery St., 17th Floor
San Francisco, CA 94111
Telephone: 415/788-7210
Facsimile: 415/788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

Attorneys for Objector Elizabeth Twitchell

22452

- 4 -