Alan J. Sherwood
 California Bar Number-118330
Law Offices of Alan J. Sherwood
26755 Contessa St
Hayward, CA 94545
Telephone (510) 409-6199
AlanSherwood@earthlink.net
Attorney for Objectors
Jemea Graham SKH62500770601
Julius Dunmore SKH62512784301
Valerie Williford SKH625500834501

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>STARKIST CO.,<br><br>    Defendant. | Case No.: 13-CV-00729-HSG<br><br>**OBJECTIONS, PROOF OF MEMBERSHIP IN CLASS AND NOTICE OF INTENT TO APPEAR BY COUNSEL AT THE DECEMBER 17, 2015, FAIRNESS HEARING**<br><br>The Hon. Haywood S. Gillman, Jr. |

Objectors, Jemea Graham SKH62500770601, Julius Dunmore SKH6251278430, and Valerie Williford SKH625500834501 (hereinafter "the Graham Objectors"), by and through undersigned counsel, hereby provide the information needed to demonstrate their membership in the settlement class; give notice of their intent to appear, by counsel, at the Fairness Hearing before the Honorable, Haywood S. Gilliam, Jr., U.S. District Judge, on December 17, 2015 at 2:00 pm in Courtroom 15; object to the proposed settlement; and say:

**PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS**

The Graham Objectors are each members of the settlement class that have timely in that

each of them is a resident of the United States of America who purchased: one or more 5 oz. cans of "StarKist Products") from February 19, 2009 through October 31, 2014 and submitted a claim for either a cash payment of $25, or $50 in product vouchers redeemable for StarKist tuna products by US Mail, postmarked on or before November 20, 2015, to the Hendricks v. Starkist Settlement Administrator, P.O. Box 40007, College Station, TX, 77842-4007, on the claim forms provided by, and downloaded from, the Settlement Administrator with the SKH numbers listed above.

## NOTICE OF INTENT TO APPEAR

The Graham Objectors give notice of their intent to appear, by and through undersigned counsel, at the Fairness Hearing before the Honorable Haywood S. Gilliam, Jr., U.S. District Judge, in Courtroom 152 on Thursday December 17, at 2:00 pm for the purpose of cross-examining witnesses and presenting legal arguments addressing their objections.  At this time, the Graham objectors do not intend to offer documents into evidence or call witnesses.

## OBJECTIONS

1.	The Long Form Notice on the proposed settlement website is defective because it does not meet minimum constitutional due process requirements with regard to providing class members with notice and an opportunity to be heard.

2.	The Notice fails to inform class members of the size of the class.  Therefore, it is impossible for class members to evaluate whether the proposed $12 million Proposed Settlement

is Fair, Adequate or Reasonable. Plaintiffs' Notice of Motion and Motion for an Award of Attorneys' Fees, Costs and Expenses, and Incentive Awards for Class Representatives and Interested Parties (Doc 262) provides at page 3, section III that as of October 26, 2015 class members had submitted 2,359,877 claims, and as of that date class members were only going to receive $2.11 in cash or $4.68 in coupons per claim. That's less than 10% of the $25 and $50 estimates in the notice, and, considering another month has past, even the $2.11 and $4.68 figures have probably significantly diminished.

3.  Because the Notice failed to inform class members of the size of the class, it was impossible for class members to estimate their pro rata share of the proposed $12 million settlement fund. If for example, a class member knew there were 50,000,000 people in the class, then they could calculate the "claim-filing rates" at 5% and estimate that if 5% of class members, 2,500,00 people, filed claims then each claimant's pro rata share would only be $4.80 before attorney fees and costs; and if 10% of class members filed claims then each claimant's pro rata share would be $2.40 before attorney fees and costs.

4.  For the Court to evaluate whether the Proposed $12 million Settlement is Fair, Adequate or Reasonable, it is necessary to quantify the net expected value of continued litigation to the class, since a settlement for less than that value would not be adequate. Determining that value require estimating the range of possible outcomes and ascribing a probability to each point on the range. *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir.1979) Admittedly, a high degree of precision cannot be expected in valuing a litigation, especially regarding the estimation of the probability of particular outcomes. However, the Court is

Objections, Proof of Membership in Class and Notice of Intent to Appear by Counsel at the December 17, 2015, Fairness Hearing
Case No.: 13-CV-00729-HSG                                 3

respectfully reminded that ordinarily, "a defendant is interested only in disposing of the total claim asserted against it . . . the allocation between the class payment and the attorneys' fees is of little or no interest to the defense . . . ." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, at 819-20  (3d Cir. 1995)

5.	The Proposed $12 million Settlement is not Fair, Adequate or Reasonable because it is release driven, not damages driven.  i.e., the value of the proposed settlement in this matter is that for $12 million dollars, attorney fees and costs included, Starkist gets fully released not only from their full potential liability to class members for under filling tuna cans in violation of California law more importantly they get released from all of the pending antitrust claims currently filed under federal and state law.  Thus, the release agreed to by class counsel is overly broad and clearly releases class members antitrus[1]t claims for no value whatsoever.

6.	As Judge Posner stated in *Reynolds, V.  Beneficial Natl. Bank* 288 F.3d 277 (7th Cir. 2002) in discussing the judicial duty to protect the members of a class in class action litigation from lawyers for the class who may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class.  "This problem, repeatedly remarked by judges and scholars, see, e.g., *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002); *Greisz v. Household Bank* (Illinois), N.A., 176 F.3d 1012, 1013 (7th Cir. 1999); *Rand v.*

---

[1] ". . . any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities, whether legal, equitable, or otherwise, relating in any way to the claims asserted or the factual allegations made in the Action, including without limitation the alleged under-filling of the StarKist Products and/or the purchase of any of the StarKist Products at any time on or after February 19, 2009 and prior to November 1, 2014 (collectively, 'the Claims')." (Doc 187, Exhibit 1, paragraph 6.1)

*Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991); *Duhaime v. John Hancock Mutual Life Ins. Co.*, 183 F.3d 1, 7 (1st Cir. 1999); John C. Coffee, Jr., "Class Action Accountability: Reconciling Exit, Voice, and Loyalty in Representative Litigation," 100 Colum. L.Rev. 370, -385-93 (2000); David L. Shapiro, "Class Actions: The Class as Party and Client," 73 Notre Dame L.Rev. 913, 958-60 and n. 132 (1998), requires district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions. We and other courts have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries. *Culver v. City of Milwaukee*, supra, 277 F.3d at 915; *Stewart v. General Motors Corp.*, 756 F.2d 1285, 1293 (7th Cir. 1985); *In re Cendant Corp. Litigation*, 264 F.3d 201, 231 (3d Cir. 2001); *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 22 (2d Cir. 1987)"

7. In this matter, the requested attorney's fees are excessive and unreasonable for a number of reasons including but not limited to: attorney's fee awards in coupon settlements are governed by 28 U.S.C. §1712, the Class Action Fairness Act (CAFA), which along with the jurisprudence of the Ninth Circuit, *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1183 (9th Cir. 2013) precludes an award of attorney's fee based on the entire value of a settlement the consists of both coupons and cash and both require that the value of the coupon portion the settlement to be separately calculated, while keeping in mind that a court should look at not "not how much money a company spends on purported benefits, but the value of those benefits to the class." *In re TD Ameritrade Accountholder Litig.*, 266 F.R.D. 418, 423 (N.D. Cal. 2009) ", ; the 33 1/3% requested fee exceeds the Ninth Circuit 25% benchmark by 8 1/3% and would result in an

additional $1 million flowing into class counsel's pockets *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a `benchmark' for attorneys' fees calculations under the percentage-of-recovery approach."); and, the requested fee improperly fails to take into account the deduction for $675,000 in claims administration costs in the hundred and $50,949.22 in claimed expenses by class counsel even though that $725,942 are obviously costs that do not bring up benefit to the class members and only serve to increase the percentage value of the attorneys fees, a practice not approved by the Ninth Circuit. *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.*), 654 F.3d 935, 2011 U.S. App. LEXIS 17224 (9th Cir. Cal. 2011)

8.  The Graham Objectors hereby adopt and incorporate all other meritorious and timely filed objections that are not inconsistent with these objections, as if set forth fully herein.

**WHEREFORE**, the Graham Objectors respectfully request that this Court sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to an order:

A.  disapproving the proposed settlement because it is not Fair, Adequate or Reasonable, as set forth above;

B.  disapproving the proposed settlement because of the improper and constitutionally defective notice to the class;

C.  Denying the requested excessive attorney's fees to Class Counsel;

D.  requiring class counsel and the settling defendants to craft a new settlement that, as a

Objections, Proof of Membership in Class and Notice of Intent to Appear by Counsel at the December 17, 2015, Fairness Hearing
Case No.: 13-CV-00729-HSG                                    6

minimum, includes a specific release tailored to the claims made in this class action; and,

G.  granting such other relief that this court deems necessary or proper so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

Respectfully submitted,

/s/  Alan J. Sherwood
Alan J. Sherwood
 California Bar Number-118330
Attorney for  Objectors
Law Offices of Alan J. Sherwood
26755 Contessa St
Hayward, CA 94545
Telephone (510) 409-6199
AlanSherwood@earthlink.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the November 20, 2015, a searchable PDF of the foregoing was filed with the Clerk of the Court and that all parties will be noticed and served by the Courts CM/ECF system.

/s/ Alan J. Sherwood
Alan J. Sherwood

Objections, Proof of Membership in Class and Notice of Intent to Appear by Counsel at the December 17, 2015, Fairness Hearing
Case No.: 13-CV-00729-HSG              7