**Law Office of Sam Miorelli, P.A.**
Sam A. Miorelli (Florida Bar No. 99886, *Pro Hac Vice*)
764 Ellwood Avenue
Orlando, FL 32804
Telephone: (352) 458-4092
E-Mail: sam.miorelli@gmail.com

AARON DAWSON (SBN 283990)
1901 Harrison St., Suite 1100
Oakland, CA 94612
Telephone: (415) 534-5346
Fax: (888) 301-5076
E-Mail: adawson@alectolaw.com

*Attorneys for Objector Lindberg*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISON

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STARKIST CO.,<br><br>　　　　　　Defendant. | Case No.: 13-CV-00729-HSG<br><br>**NOTICE OF MOTION AND MOTION BY OBJECTOR LINDBERG FOR ATTORNEYS' FEES, EXPENSES, AND AN INCENTIVE AWARD**<br><br>Date:　　　　December 22, 2016<br>Time:　　　　2:00 p.m.<br>Courtroom:　10, 19th Floor<br>Judge:　　　Hon. Haywood S. Gilliam, Jr. |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 2

II. FACTUAL HISTORY OF MR. LINDBERG'S PARTICIPATION IN THIS CASE ............ 3

III. THE COURT SHOULD AWARD ATTORNEYS FEES AS A PERCENTAGE OF THE INCREASED CASH CLASS RECOVERY PLUS COSTS AND AN INCENTIVE AWARD. ................................................................................................... 5

    A. Impact of Mr. Lindberg's objections. ....................................................................... 5

    B. Mr. Lindberg seeks $102,000 in attorneys' fees, 25% of the improvement to the common fund. ................................................................................................ 5

    C. Under the equitable common fund doctrine, the Court should award Mr. Lindberg attorneys' fees on the basis of a percentage of the common fund preservation. ............................................................................................................. 8

    D. The requested fee is reasonable under the lodestar cross-check. ............................ 8

    E. Mr. Lindberg's costs are reasonable and related to the litigation of the objections. ............................................................................................................. 10

    F. Mr. Lindberg should be awarded an incentive award for bringing his objection. ............................................................................................................. 10

IV. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Boeing Co. v. Van Gemert*, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d. 676 (1980) ............................ 8

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2010) ........................................ 8

*In re Chiron Corp. Sec. Litig.*, Case No. C-04-4193 VRW, 2007 WL 4249902 (N.D.Cal. Nov. 30, 2007) ................................................................................................................................. 6

*In re Leapfrog Enterprise, Inc., Sec. Litig.*, Case No. C-03-05421RMW, 2008 WL 5000208 (N.D.Cal. Nov. 21, 2008) ................................................................................................................ 5

*In re Oracle Sec. Litig.*, 131 F.R.D. 688 (N.D.Cal. 1990) ................................................................. 5

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) ................................................. 8

*Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) ...................... 8

1 | *Vizcaino v Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .................................................................. 6

2 | *Wininger v. SI Management, LP.*, 301 F.3d 1115 (9th Cir. 2002) ......................................................... 6

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 22, 2016 at 2016, or as soon thereafter as the matter may be heard, Objector Eric Lindberg, through his counsel, Sam A. Miorelli, E.I., Esq., will and hereby does move the Court for an award of attorneys' fees, costs, and an incentive award for Objector Lindberg in connection with the work to achieve an increased proportion of the common settlement fund to be distributed to absent class members, which is a significant benefit to the absent class members. Mr. Lindberg seeks the following amounts to be paid from the total common settlement fund and further proposes that these amounts should be deducted from the fees and costs set aside for Class Counsel in this Court's Order "Granting Final Approval of Settlement; Granting in Part and Denying in Part Motion for Attorneys' Fees" (the "Final Approval Order" (Dkt 373)):

1. Attorneys' fees to Mr. Lindberg's counsel in the amount of $102,000;
2. Costs related to Mr. Lindberg's Objections in the amount of $2,845.30 to the Law Office of Sam Miorelli, P.A.; and
3. An incentive award of $1,000 to Mr. Lindberg.

Mr. Lindberg reserves the right to appeal the Final Approval Order and to seek further fees and costs in connection with any further improvement to the outcome of this case as may be ordered by the Ninth Circuit but notes that the Final Approval Order represents a floor with regard to the fractional distribution to the absent class members so this motion is timely and reasonable at this time. This motion is brought pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2) and the Final Approval Order. It is based on this Combined Notice and Memorandum of Points and Authorities, the simultaneously-filed Declaration of Sam A. Miorelli, E.I., Esq. in Support of Motion by Objector Lindberg for Attorneys' Fees, Costs, and Incentive Award, the simultaneously-filed Declaration of Aaron Dawson in Support of Motion by Objector Lindberg for Attorneys' Fees, Costs, and Incentive Award, the Declaration of Eric Lindberg, the transcript of the December 17, 2015 hearing before the Court on this case (Dkt 333), the transcript of the April 21, 2016 hearing before the Court on this case (Dkt 368), the Final Approval Order, the prior pleadings, transcripts, and papers filed in this action, and any additional evidence that may be presented to the Court at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY OBJECTOR ERIC LINDBERG FOR ATTORNEYS' FEES, EXPENSES, AND AN INCENTIVE AWARD**

**I.     INTRODUCTION**

Mr. Lindberg had never been involved in any litigation in his entire life before this action. He had heard of "class actions" but never paid attention to them until he heard about one that affected a brand he felt a personal affinity for: StarKist Tuna. (Lindberg Decl. at ¶ 3-4) Mr. Lindberg is a fanatically brand-loyal consumer and with certain products he will only buy that specific brand. *Id.* StarKist is his favorite brand of tuna and he has a very specific way he prefers to prepare it for a quick lunch.

When Mr. Lindberg found out that StarKist had been under filling his tuna cans for years, it upset him and he asked Mr. Miorelli which he thought was a better deal: a coupon for $25 cash or $50 in tuna coupons. (Miorelli Decl. at ¶ 4). When Mr. Miorelli looked up the terms of the Settlement Agreement and explained them to Mr. Lindberg, his upset turned to indignation. *Id.* Thus began Mr. Lindberg's first foray into litigation at just 24 years old. While Mr. Lindberg could not have known it at the time, he would end up being the only Class Member objector to aggressively litigate his concerns about the adequacy of the financial recovery, Class Counsel's conduct, the true value of the individual outcomes, the actual value of tuna coupons, and the excessive attorneys' fees and incentive awards.

While Mr. Lindberg is still concerned about certain aspects of the finally-approved Settlement Agreement, he is proud of how his efforts and those of undersigned counsel increased the value of the Settlement Agreement for absent class members by $408,000. As a percentage of the Cash Settlement Fund, Mr. Lindberg's improvement constitutes an increase for each absent cash-electing class member of 12.32%.[1] This is a significant improvement for the Class. Consequently, Mr.

---

[1] Assuming the full $675,000 is paid in Settlement Administrator costs, the remaining amount to distribute to the absent cash-electing Class Members will be $3,720,000 instead of $3,312,000. $\frac{\$3,720,000}{\$3,312,000} = 112.32\%$

Lindberg herein seeks his attorneys' fees and costs as well as an incentive award (which would be his first recovery in any civil litigation in his life) for these successful efforts.

## II.     FACTUAL HISTORY OF MR. LINDBERG'S PARTICIPATION IN THIS CASE

Mr. Lindberg learned about this litigation from an article on CNN Money's website "$25 of cash or $50 of tuna. Your choice." published on August 27, 2015. (Decl. of Eric Lindberg at ¶ 5). He started discussions with Mr. Miorelli immediately thereafter and decided to object after Mr. Miorelli explained the terms of the settlement to him. *Id.* Mr. Miorelli downloaded the documents from the class website and reached out to law school colleagues to begin working to find local counsel to sponsor his admission *pro hac vice* so that he could represent Mr. Lindberg before this Court that same day. (Miorelli Decl. at ¶ 6).

Over the following months, Mr. Miorelli downloaded, read, and made notes regarding 74 documents from the docket of this Case consisting of approximately 1,607 total pages. *Id.* Mr. Miorelli arranged for local counsel, Aaron Dawson, to join on this case, read and notated all of the aforementioned relevant documents in the docket, discussed the details with Mr. Lindberg and Mr. Dawson, conducted legal research and writing on the Objection, researched the Court's local rules and standing order, applied for *pro hac vice* admission, and edited and filed the Objection with Mr. Dawson's input. *Id.* Mr. Miorelli also provided Mr. Lindberg regular updates on his progress as well as filings which had occurred in the case, particularly the other objections and Class Counsel's response to Mr. Lindberg's objection.

Mr. Miorelli attended and argued at the First Final Fairness Hearing on behalf of Mr. Lindberg. Mr. Lindberg was the only Objector to address the two bases on which the Court ultimately improved the cash outcome for the absent class members: excessive attorneys' fees and excessive incentive awards. (Dkt 333 at 39-45). In fact, Mr. Miorelli and Ms. Kralowec were the only attorneys representing objectors who actually *argued* their objections to the Court.[2] Through the conclusion of

---

[2] Mr. Scarpulla also addressed the court on behalf of Objectors Yee, Powers, and Vangemert, however he apparently was behind on the ECF filings and admitted on the record that his clients' objection was resolved by the modified release that the Court ultimately ruled was defective. There was no value to the absent class members in Mr. Scarpulla's involvement in the case.

-3-

Mr. Miorelli's trip to San Francisco to appear at the first Final Fairness Hearing (the "Initial Objection Period"), Mr. Miorelli worked a total of 68.9 hours on the case and Mr. Dawson worked 4 hours. (Miorelli Decl. at ¶ 8; Dawson Decl. at ¶ 9).

Subsequently, Mr. Miorelli kept Mr. Lindberg appraised of the status of his case and spent significant time reviewing this Court's order denying final approval as well as the updated Release and renewed motion for final approval, which constituted 435 pages. (Miorelli Decl. at ¶ 9). After review of the filings and consultation with Mr. Lindberg and Mr. Dawson, Mr. Miorelli prepared Mr. Lindberg's renewed objection, which included significant new grounds for objection. (Miorelli Decl. at ¶ 10). Additionally, Mr. Miorelli prepared Mr. Lindberg's motion to remove Class Counsel. (Miorelli Decl. at ¶ 11). That motion, in particular, required extensive efforts and legal research. Mr. Miorelli similarly spent significant time responding to the aggressive and extensive opposition Class Counsel filed to the motion. (Miorelli Decl. at ¶ 11).

Once again, at the second Final Fairness Hearing Mr. Lindberg was the only objector raising the issues related to the numerous other problems with the Settlement Agreement beyond the release language that Objectors Moore and Gore focused on exclusively. Other than Objectors Moore and Gore, Mr. Lindberg was the only objector to address the Court on any matter at the second Final Fairness Hearing.

After the second Final Fairness Hearing, Mr. Miorelli reviewed and briefed Mr. Lindberg on Objectors Moore and Gore's motion practice seeking attorneys' fees as well as provided regular updates to Mr. Lindberg regarding the status of the case. (Miorelli Decl. at ¶ 13). When the Court issued its Final Approval Order, Mr. Miorelli and Mr. Lindberg discussed it extensively. *Id.* Additionally, Messrs. Miorelli and Dawson conferred on going forward strategy and briefed Mr. Lindberg on proposed next-steps. *Id.* Through the end of the Second Objection Period (the time between the end of the first Final Fairness Hearing and the Court's issuance of its Final Approval Order), Mr. Miorelli worked 76.7 hours and Mr. Dawson worked 3.5 hours. (Miorelli Decl. at ¶ 9, 10, 12; Dawson Decl. at ¶ 9). None of the time discussed includes time spent briefing Mr. Lindberg on the instant Motion or any work on the instant Motion. In total, Mr. Miorelli worked 145.6 hours

and Mr. Dawson worked 7.5 hours on this case. (Miorelli Decl. at ¶ 13; Dawson Decl. at ¶ 9).

On October 12, 2016, Mr. Miorelli participated in a meet and confer teleconference with counsel for StarKist and Class Counsel. Class Counsel indicated he would oppose the instant motion, StarKist indicated they would reserve deciding a position on the instant motion until after it was filed and served.

### III. THE COURT SHOULD AWARD ATTORNEYS FEES AS A PERCENTAGE OF THE INCREASED CASH CLASS RECOVERY PLUS COSTS AND AN INCENTIVE AWARD.

#### A. Impact of Mr. Lindberg's objections.

The instant motion for fees, costs, and incentive awards is based on the efforts of Mr. Lindberg and his legal team that resulted in the Court's Final Approval Order. The Final Approval Order reduced Class Counsel's fees by $400,000 and rejected efforts to award $8,000 in incentive awards to "interested parties." Mr. Lindberg reserves the right to appeal the Final Approval Order as he still has significant concerns with the outcome of this case, especially related to his CAFA arguments (though not limited to them). However, to the extent the Final Approval Order becomes final (either by no appeal being taken by any party or due to affirmance on appeal), Mr. Lindberg's efforts have led to a significantly increased cash recovery for the absent class members, which is a substantial benefit to the class. It is entirely on the basis of this $408,000 improvement to the cash common fund that Mr. Lindberg seeks compensation.

#### B. Mr. Lindberg seeks $102,000 in attorneys' fees — 25% of the improvement to the common fund.

On the basis of the $408,000 improvement to the cash common fund, which occurred due to Mr. Lindberg and his legal team's efforts, Mr. Lindberg requests the Court award $102,000 in attorneys' fees (25% of the common fund).

Objectors play a useful and valuable role in providing the court with information regarding the fairness, adequacy, and reasonableness of settlements because at the settlement-approval stage, judges would otherwise not have the benefit of the adversarial process. *In re Oracle Sec. Litig.*, 131 F.R.D. 688, 689 (N.D.Cal. 1990). This role is particularly important when evaluating fee requests

from class counsel. *In re Leapfrog Enterprise, Inc., Sec. Litig.*, Case No. C-03-05421RMW, 2008 WL 5000208 *2 (N.D.Cal. Nov. 21, 2008) (citing *In re Chiron Corp. Sec. Litig.,* Case No. C-04-4193 VRW, 2007 WL 4249902 *4 (N.D.Cal. Nov. 30, 2007). Counsel for an objector who confers a benefit on the class are entitled to an award of reasonable attorneys' fees and expenses. *Wininger v. SI Management, LP.*, 301 F.3d 1115, 1123 (9th Cir. 2002). Under the equitable common fund doctrine, attorneys' fees are authorized when the litigants "preserve or create a common fund for the benefit of others as well as themselves." *Vizcaino v Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002).

      Preserving the common cash fund is exactly what Mr. Lindberg's objections achieved. As a cash-electing class member, that preservation benefits Mr. Lindberg as well as all of the other cash-electing class members. Considering the enormous *pro rata* reduction Mr. Lindberg's increase of about 12% of the fund to be available to class members is a substantial benefit. The Court made it clear that the $400,000 reduction in fees for Class Counsel was directly responsive to Mr. Lindberg's objection. (Dkt 373 at 21:17). Notably, the Court did not point to StarKist's objection to the quantum of fees in granting the reduction Mr. Lindberg requested (it only pointed to it in the context of rejecting a different objector's claim that the case had a clear-sailing provision) and the only other objections cited did not appear either personally or through counsel at either fairness hearing. Mr. Lindberg was by far the most thorough and aggressive objector and the Court recognized the same in its Final Approval Order.

      In the Court's examination of the *Vizcaino* factors to consider an upward departure from the Ninth Circuit's 25% fee benchmark, the Court found that several factors either "slightly" favored or "favored" an upward enhancement. (Dkt 373 at 18:23-19:15 and 19:27-20:2). The only *Vizcaino* factor where the Court flatly rejected Class Counsel's claim to support an enhanced fee related to their claim that using a competitive bidding process benefited the class. (Dkt 373 at 19:16-26). The Court held that "[b]argaining to find a reasonably-priced claims administrator is part of counsel's responsibility to the Class." (Dkt 373 at 19:18-19). This holding directly follows Mr. Lindberg's argument in his Objection, "[t]here's nothing about soliciting bids from several suppliers before spending your clients' money which is either remarkable or a benefit beyond the value of the

underlying recovery fund used to determine a contingent attorneys' 25% benchmark fee." (Dkt 294 at 20:11-14).

The Court's analysis of how this case was a less-remarkable outcome than *Vizcaino* also followed Mr. Lindberg's Objection almost verbatim. *Compare* "Microsoft agreed to hire roughly 3000 class members as regular employees and to change its personnel classification practices, a benefit counsel valued at $101.48 million during the 1999-2001 period alone" (Dkt 373 at 19:21-23) *with* "[d]uring the *Vizcaino* litigation, defendant Microsoft re-hired 3,000 class members as normal employees and changed other HR practices, a benefit worth $101.48 million which was not captured in the value of the common fund in the *Vizcaino* settlement." (Dkt 294 at 20:20-22).

Similarly, the Court's analysis in rejecting the $8,000 of incentive payments to the "interested parties" tracked Mr. Lindberg's objection. Compare the Court's holding,

> The Court disagrees that the filing of a motion to intervene, the preparation of a class action complaint that was never filed, or the willingness to stand by and represent statewide classes should it become necessary warrants the requested award, which is grossly disproportionate to what other Class Members are receiving.

(Dkt 373 at 23:24-28), with Mr. Lindberg's Objection, "[t]hey were never named a class representative in the litigation, they never filed a case related to StarKist's conduct, and their own lawyers agreed to never have their intervention motions heard." (Dkt 294 at 13:14-15). The Court agreed with Mr. Lindberg for each of the reasons why the interested parties should not receive incentive awards. As with the attorneys' fees issue, Mr. Lindberg led the charge against the "interested parties" incentive payments. Mr. Lindberg was effectively the only objector to attack the "interested parties" payments and certainly the only one to do so in terms the Court adopted.[3]

Having been the objector that the Court either directly cited or completely followed for a $408,000 improvement to the cash settlement fund class member recovery, Mr. Lindberg preserved the common fund benefit for himself and 2 million other claimants and, under binding Ninth Circuit precedent, is entitled to attorneys' fees and costs.

---

[3] Objector Spann seems to have also raised the "interested parties" issue tangentially, yet the argument is incoherent and the Court's analysis ignored it. (Dkt 288 at §IV).

-7-
NOTICE OF MOTION AND MOTION BY OBJECTOR LINDBERG FOR ATTORNEYS' FEES, EXPENSES, AND AN INCENTIVE AWARD

C. <u>Under the equitable common fund doctrine, the Court should award Mr. Lindberg attorneys' fees on the basis of a percentage of the common fund preservation.</u>

The Supreme Court has long held that the common fund doctrine entitles a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d. 676 (1980) (citing cases dating back to 1882). "The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Id.* The Ninth Circuit has held that it is "clearly erroneous" for a court to deny an objector attorneys' fees if the objector raises an issue to the court and the court addresses that issue in a way that increases the amount of the common settlement fund available to the class members. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2009). The Ninth Circuit has held that in a common fund cases, the benchmark award is 25%. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). While this Court has the option to award fees on the basis of either a common fund analysis or lodestar analysis, either one must be cross-checked against the other to verify that the methodology chosen achieves a reasonable result. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2010).

The common fund analysis is most reasonable because the total amount of improvement for the absent class members is readily ascertainable. Mr. Lindberg seeks 25% to avoid protracted litigation about departures from the benchmark. Mr. Lindberg believes that the fee (and the costs and incentive award) should be paid from the $408,000 additional cash added to the cash common fund but does not object to the fees being awarded from a different source, such as Class Counsel's previously-approved fee.

D. <u>The requested fee is reasonable under the lodestar cross-check.</u>

Mr. Lindberg is a first-time class action objector and his legal team consists of relatively-young attorneys. Consequently, the hourly rate for Messrs. Miorelli and Dawson are quite low ($325 and $350, respectively), in fact, their hourly rates are about $100 per hour less than any of the counsel for Objectors Moore and Gore in their successful motion for attorney's fees. (Dkt 363-1 at , 363-2 at 3:9-14). This low hourly rate means the absent class members got a significantly higher value out of

1  Mr. Lindberg's objection. The lodestar for the work performed by the Law Office of Sam Miorelli,
2  P.A., is approximately $47,320. The lodestar for Alecto Law is $2,625. Dawson Decl. at ¶ 9. The two
3  firms' combined lodestar is $49,945.

4        The common fund method Mr. Lindberg proposes results in an 11% smaller lodestar
5  multiplier on the cross-check than the Court awarded Class Counsel (2.2x for Class Counsel vs. 2.04x
6  for Mr. Lindberg). While it is larger than the multiplier awarded to Objectors Moore and Gore, unlike
7  them, Mr. Lindberg actually achieved an increased cash outcome for the absent class members and
8  even with the multiplier, Messrs. Miorelli and Dawsons' rates will still be equal to or lower than that
9  of Objectors Moore and Gore's counsel. Even with the lodestar multiplier, the effective hourly rate
10 for Mr. Miorelli and Mr. Dawson will be $663 and $714, respectively. That rate is still less than the
11 hourly rates the Court awarded at a 1.0x multiplier for Objectors Moore and Gore's attorneys
12 Krawlowec ($745) and Rogers ($725). (Dkt 363-1 at 3:6-9). While Mr. Miorelli does not have the
13 years of experience of Ms. Krawlowec, he appeared before the Court and argued on Mr. Lindberg's
14 behalf shoulder-to-shoulder with Ms. Krawlowec, the high-hourly-rate Class Counsel partner-level
15 attorneys, and Mr. Hawk, a partner at Hogan Lovells, one of the biggest law firms in the world. Mr.
16 Miorelli's advocacy resulted in the Court agreeing with Mr. Lindberg's legal analysis on the two
17 primary underlying points that ultimately resulted in this improvement for the Class.

18       When compared to the claimed hourly rates of Class Counsel (without their multiplier), even
19 the post-multiplier effective hourly rate for Messrs. Miorelli and Dawson will still be less than the
20 normal hourly rates charged (as of a year ago, so likely more today) by Mr. Bursor ($850), and for
21 Mr. Miorelli, it would still be less than the year-old normal hourly rates for Mr. Fisher ($680) and
22 Mr. Marchese ($680). *See* Dkt 262-1 at Ex. B. It bears mention that both Mr. Miorelli and Mr. Dawson
23 are solo practitioners, so their rates are most reasonably compared to those of the partners at the
24 respective firms instead of associates.

25       Finally, when the multiplier this Court approved for Class Counsel is considered, the common
26 fund analysis would result in Mr. Miorelli and Mr. Dawson being paid still less per hour than all but

27
28

the youngest-four lawyers at the Bursor & Fisher law firm.[4] While Mr. Lindberg is skeptical of the oft-repeated litany of cases supporting a lodestar supporting multipliers of 3-5 (or higher), a 2.04x multiple, which is significantly less than the multiple approved for Class Counsel, and which is also applied to underlying hourly rates which are significantly lower to begin with, is fair.

### E. Mr. Lindberg's costs are reasonable and related to the litigation of the objections.

In addition to the work described herein, the Law Office of Sam Miorelli, P.A. incurred unreimbursed expenses and costs in connection with preparing and filing Mr. Lindberg's objections and motion, as well as with appearing at the two fairness hearings. The details of those expenses are set forth in Mr. Miorelli's declaration. The total unreimbursed expenses were $2,845.30. Had this not been a contingent-fee matter, these costs would have been billed to Mr. Lindberg.

### F. Mr. Lindberg should be awarded an incentive award for bringing his objection.

Objecting to a class action settlement is not a zero-risk activity. Objectors can be forced to sit for an all-day deposition and must supervise the behavior of their lawyers, who are often threatened with Rule 11 sanctions by plaintiffs' attorneys – sanctions which a court could charge against the Objector himself![5] There is also reputational risk as an increasing number of class action plaintiffs' attorneys resort to *ad hominem* attacks on objectors and their counsel.[6] Yet nevertheless, Mr. Lindberg did object and his personal bravery resulted in literally millions of Americans getting more money out of this litigation. The Court should reward that bravery and his hours of hard work, review, and discussion of complicated legal issues with his attorneys with a modest $1,000 incentive award.

## IV. CONCLUSION

For the reasons set forth herein, Mr. Lindberg respectfully requests the Court to: (1) award attorneys' fees of $96,639.10 to the Law Office of Sam Miorelli, P.A.; (2) award attorneys' fees of

---

[4] Krivoshey, Luster, Klorczyk, and Fraietta claim to have billed in 2015 at $300 per hour, which at 2.2 multiple is $660 per hour. Dkt 262-1 at Ex. B. Each of them has been a member of the bar at least one year less than Messrs. Miorelli and Dawson, who were classmates at Santa Clara University School of Law and both passed their respective states' bar exams in summer 2012.

[5] In fact, Class Counsel in this case threatened Rule 11 sanctions shortly before the meet and confer conference was held regarding the instant motion.

[6] If the Court is interested in this point, Mr. Miorelli can provide an extensive record on this point from other consumer class action cases nationwide.

1  $5,360.90 to Alecto Law; (3) award $2,845.30 in costs to the Law Office of Sam Miorelli, P.A.; and
2  (4) award $1,000 as an incentive award to Mr. Lindberg for the work he performed to benefit the
3  members of the cash settlement class.

4  DATED: October 13, 2016

/s/ Sam A. Miorelli
Sam A. Miorelli, E.I., Esq.
Florida Bar # 99886  (*Pro Hac Vice*)
Law Office of Sam Miorelli, P.A.
764 Ellwood Avenue
Orlando, FL 32804
Telephone: 352-458-4092
E-Mail: sam.miorelli@gmail.com

/s/ Aaron Dawson
Aaron Dawson
State Bar No. 283990
1901 Harrison Street, Suite 1100
Oakland, CA 94612
Telephone: (415) 534-5346
Fax: (888) 301-5076
E-Mail: adawson@alectolaw.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 54-5**

The undersigned certifies that, on October 12, 2016 at approximately 5:30 p.m., he met and conferred via teleconference with Class Counsel and counsel for StarKist. Class Counsel indicated he would oppose the instant motion and counsel for StarKist indicated they would not express an opinion until after the instant motion was filed.

s/ Sam A. Miorelli
Sam A. Miorelli, E.I., Esq.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Reply to Plaintiff's Opposition to Objector Lindberg's Motion to Remove Class Counsel and Conduct Discovery was electronically filed via the CM/ECF system for the Northern District of California, thus effecting service on all attorneys registered for electronic filing.

Additionally, he caused to be delivered via FedEx Express Overnight two courtesy copies of

the foregoing to:

Hon. Haywood S. Gilliam, Jr.
United States District Court
450 Golden Gate Avenue
Courtroom 10 – 19th Floor
San Francisco, CA 94102

                /s/ Sam A. Miorelli
                Sam A. Miorelli, E.I., Esq.