UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HENDRICKS,<br><br>Plaintiff,<br><br>v.<br><br>STARKIST CO, et al.,<br><br>Defendants. | Case No. 13-cv-00729-HSG<br><br>**ORDER DENYING OBJECTOR LINDBERG'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND AN INCENTIVE AWARD**<br><br>Re: Dkt. No. 377 |

On September 29, 2016, the Court granted final approval of settlement in this class action filed by Plaintiff Patrick Hendricks against Defendant Starkist Co. ("Starkist"). Dkt. No. 373. The Court approved a settlement amount of $12 million ($8 million in cash and $4 million in vouchers), an award of $3,445,012.35 in attorneys' fees, a reimbursement of $155,779.96 for class counsel's expenses, and a service award of $5,000 to Plaintiff. *Id.* at 3, 27–28. The Court also granted Objectors Colin Moore and Kathy Durand Gore's motion for attorneys' fees and costs, and ordered that the award of $154,987.65 be deducted directly from class counsel's original fee award of $3.6 million. *Id.* at 26–27. That same day, the Court entered judgment consistent with the final approval order. Dkt. No. 375.

On October 13, 2016, Objector Eric Lindberg filed the pending motion for attorneys' fees, expenses, and an incentive award. Dkt. No. 377 ("Mot."). He seeks $102,000 in attorneys' fees for his Florida and California counsel, $2,845.30 in costs for his California counsel, and a $1,000 incentive award for himself. *Id.* at 1. Objector Lindberg proposes that these sums "be paid from the total common settlement fund and . . . be deducted from the fees and costs set aside for Class Counsel in this Court's [final approval order]." *Id*. On October 27, 2016, Plaintiff filed his opposition to Objector Lindberg's motion. Dkt. No. 380. That same day, Defendant filed a joinder in Plaintiff's opposition. Dkt. No. 382. On November 3, 2016, Objector Lindberg filed

his reply. Dkt. No. 392. The Court took Objector Lindberg's pending motion under submission on December 14, 2016. Dkt. No. 405.[1]

While Objector Lindberg's motion was still being briefed, several objectors (including him) filed notices of appeal of the Court's final approval order and judgment. Dkt. Nos. 379, 381, 383, 384, 386 (filed between October 25 and October 31, 2016).[2] On November 4, 2016, Plaintiff did the same. Dkt. No. 393.

Objector Lindberg's motion for attorneys' fees, costs, and an incentive award is denied on two alternate grounds. First, the motion effectively asks the Court to reconsider what it already decided in its final approval order: the allocation of the common settlement fund and the amount of fees awarded to class counsel. *See* Mot. at 1; Dkt. No. 373 at 27–28. Therefore, while not styled as such, it is a motion for reconsideration subject to Civil Local Rule 7-9(a). The motion was filed in violation of Rule 7-9(a) because Objector Lindberg did not obtain leave to file from the Court. Furthermore, while Rule 7-9(a) requires that any motion for leave to file a motion for reconsideration—and therefore, by definition, any motion for reconsideration itself—be filed *before* entry of judgment, the motion at issue here was filed *after* judgment was entered. Lastly, the Court's final approval order was not an interlocutory order, which may be subject to a motion for reconsideration under Rule 7-9(a), but rather a final order, which may not. For each of these reasons, the motion does not comply with the Local Rules, and is therefore denied.

Second, the Court lacks jurisdiction to grant the motion. The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Typically, a motion for attorneys' fees is considered "collateral" to a decision on the merits. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988). This is because a question that remains undecided after a final order on the merits does not prevent finality if the resolution of that question will not alter or amend the decisions embodied by the order. *Id.* at 199.

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b).
[2] Two of the objectors appealed only the final approval order, not the judgment. *See* Dkt. Nos. 379, 383.

2

An attorneys' fees determination generally fits this description. *Id*. at 199–200. However, if "the order from which the appeal is taken is the very order" that a party "seeks to augment," then the district court cannot retain control of the aspects of the case on appeal. *Kowalski v. Farella, Braun & Martel, LLP*, No. C-06-3341 MMC, 2010 WL 475357, at *1 (N.D. Cal. Feb. 4, 2010) (finding that the court lacked jurisdiction to rule on the plaintiff's motion for fees on remand, where the court had already issued a prior order regarding fees and costs and the appeal of that order remained pending); *see also Budinich*, 486 U.S. at 200 ("If one were to regard the demand for attorney's fees as *itself* part of the merits, the analysis would not apply." (emphasis in original)).

Here, Objector Lindberg's motion effectively seeks to reallocate the distribution of the common settlement fund and revise the fees and costs award to class counsel, both of which were issues decided in the order currently on appeal. Thus, Objector Lindberg's motion is not collateral because granting it would by definition require "altering or amending" the final approval order. *See Budinich*, 486 U.S. at 200. To the contrary, the notices of appeal (including Objector Lindberg's notice) divested the Court of jurisdiction over the matters decided by the final approval order. *See Griggs*, 459 U.S. at 58. As long as that order remains on appeal, the Court lacks jurisdiction to "augment" the fees, costs, and settlement allocation issues decided therein. *See Kowalski*, 2010 WL 475357, at *1.

Finally, a federal court may deny a timely motion for relief that the court lacks authority to grant because an appeal is pending. *See* Fed. R. Civ. P. 62.1; *Gilsulate Int'l, Inc. v. Dritherm Int'l, Inc.*, No. CV1301012RSWLJPRX, 2016 WL 844790, at *2 (C.D. Cal. Mar. 1, 2016) ("As Defendants have appealed this Court's Fee Order to the Ninth Circuit for review, this Court is divested of its jurisdiction over the matter pending resolution of the appeal and may summarily deny the Motion.") The Court exercises its discretion to do so here.

For the foregoing reasons, the Court **DENIES** Objector Lindberg's motion.

**IT IS SO ORDERED.**

Dated: 5/25/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

3