J. Christopher Mitchell (Bar No. 215639)
HOGAN LOVELLS US LLP
80 South 8th Street, Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3018
Facsimile: (612) 339-5167
chris.mitchell@hoganlovells.com

Attorneys for Defendant
STARKIST CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STARKIST CO.,<br><br>Defendant. | Case No. 4:13-cv-0729-HSG<br><br>**SUPPLEMENTAL SUBMISSION REGARDING VOUCHER FACE VALUE PROVISION OF STIPULATION OF SETTLEMENT (DKT 421)**<br><br>The Hon. Haywood S. Gilliam, Jr. |

Pursuant to the Court's request at the January 31, 2019 Telephonic Case Management Conference, StarKist provides this supplemental submission regarding its proposed rules for voucher use.

The Stipulation of Settlement provides that "StarKist shall determine rules for voucher use, and voucher redemption by retailers will be administered in accordance with procedures prescribed by StarKist."  Stipulation of Settlement ¶2.4(c).  It further specifies that the vouchers "(a) shall have no expiration date, (b) shall be freely transferable, subject to reasonable measures to prevent fraud, duplicating or counterfeiting of vouchers [subject to specification by StarKist], (c) shall, subject to retailer policies, be redeemable at any retailer that sells the StarKist products, and (d) shall be redeemable for, or for discounts against, various StarKist-Branded Products, including at least the four varieties of product encompassed by the class definition." *Id.*

During the January 31 Telephonic Case Management Conference, the Court asked what would happen to the "change" if any voucher value remained following redemption.  The Court also asked whether the vouchers would need to be redeemed in a single purchase transaction, or whether a remaining balance would be carried forward to later purchases.  The Court asked for a written statement of the voucher redemption rules to consider the potential impact of the proposed amendment to the voucher face value requirement.

Although StarKist has not yet finalized a comprehensive written statement of its voucher use and redemption rules, it has determined the following core rules.[1] *First*, consistent with the language of Paragraph 2.4(c) of the Stipulation of Settlement, the vouchers will be redeemable in exchange for, or for discounts against, StarKist-branded products.  They will not be redeemable for cash.  If any value remains after the settlement class member receives the maximum amount of free product available under the voucher, the class member will have the option to apply the difference toward the purchase of another StarKist product.  For example, assuming an average

---

[1] StarKist is still working through the logistical details – a process that will take some time given the redemption requirements set forth in Paragraph 2.4(c) of the Stipulation of Settlement. The exact language printed on the vouchers may accordingly vary in some minor respects. Nonetheless, the final voucher rules will faithfully implement the core principles set forth in this Supplemental Submission.

1   retail price of $0.86 per can of tuna and a voucher value of $5.03, the class member would receive

2   five cans of tuna at no cost, plus the option to apply the remaining $0.73 towards the purchase of a

3   sixth can of StarKist tuna.  The class member would not be eligible to take the $0.73 in cash.

4   *Second*, the vouchers will be redeemable for *any* StarKist product, not simply the four

5   included in the class definition.  Settlement class members will accordingly enjoy the freedom to

6   select from the many varieties of StarKist canned products, as well as StarKist pouches.

7   *Third*, the vouchers must be redeemed in a single purchase transaction.

8   Viewed in the context of these redemption rules, the proposed face value amendment will

9   have no adverse effects on the settlement class, and will in fact provide an overall benefit.  With

10  respect to the Court's question regarding remaining voucher value, the amendment would be, at

11  the very worst, neutral.  The existing face value provision would require the issuance of at least

12  three separate vouchers with face values in "an amount between $1.00 and $2.00 as determined by

13  StarKist."  Stipulation of Settlement ¶2.4(c).  Although smaller in dollar value, those vouchers

14  would present the exact same issue:  they are equally likely to have "change" remaining after

15  redemption for free StarKist products.

16  If anything, the amendment would benefit voucher recipients.  Under the existing

17  requirement, settlement class members could engage in three separate voucher transactions, and

18  would accordingly have to decide whether to purchase additional StarKist products as many as

19  three times.  Under the single-voucher approach, the decision would present itself only once.  In

20  the scenario set forth above, the consumer would receive five cans of StarKist tuna at no cost and a

21  single remaining voucher value that could be applied toward the purchase of a single additional

22  StarKist product – all in a single purchase transaction.

23  The second redemption principle provides an obvious benefit to class members: it expands

24  the range of products available under the vouchers.  As part of the face value amendment, StarKist

25  will agree to make the vouchers redeemable for *any* StarKist product, canned or pouched, not

26  simply the varieties that were the subject of the litigation.

27  The third redemption principle is neutral in effect.  Whether they receive three vouchers or

28  one, settlement class members will get the exact same thing:  an estimated $5.03 in food voucher

1  value redeemable in exchange for, or for discounts against, StarKist products. That those products

2  must be purchased in one transaction, as opposed to two or three, makes no material difference.

3  StarKist products have a long shelf life and will not expire if not promptly consumed. And the

4  amount of tuna available for $5.03 (perhaps five or six cans) is easily transportable – in contrast to

5  the amount that would have been available if initial estimates of $50 in voucher value per claimant

6  had come to pass (i.e. 50-60 cans). Under the circumstances, the amendment will not prejudice

7  settlement class members.

8  Of course, the most significant effect of the face value amendment will be to reduce costs,

9  something that will benefit the settlement class by minimizing amounts that may need to be

10  deducted from the settlement fund. As discussed in the proposed stipulation (Dkt. No. 421), the

11  parties estimate that the proposed amendment will reduce voucher-related costs by nearly two-

12  thirds – an obviously substantial savings. StarKist's agreement to assume a portion of the costs, as

13  set forth in the stipulation, will further reduce potential costs to the class.[2] The projected cost

14  benefit strongly supports the proposed amendment.

15  For all of these reasons, and for the reasons set forth in Docket No. 421, StarKist

16  respectfully requests that the Court enter the Stipulation and [Proposed] Order Modifying Voucher

17  Face Value Provision of Stipulation of Settlement (Dkt. No. 421).

Dated: February 12, 2019                    HOGAN LOVELLS US LLP

By: */s/ J. Christopher Mitchell*
J. Christopher Mitchell
Attorneys for Defendant
STARKIST CO.

---

[2] As discussed in the stipulation, StarKist will agree to assume voucher design and redemption costs. StarKist is not assuming the cost of printing or distributing vouchers to settlement class members, which will be handled as provided in the Stipulation of Settlement.