Michael J. Shepard (Bar No. 91281)
HOGAN LOVELLS US LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 374-2310
Facsimile: (415) 374- 2499
michael.shepard@hoganlovells.com

J. Christopher Mitchell (Bar No. 215639)
HOGAN LOVELLS US LLP
80 South 8th Street, Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3018
Facsimile: (612) 339-5167
chris.mitchell@hoganlovells.com

Attorneys for Defendant
STARKIST CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STARKIST CO.,<br><br>Defendant. | Case No. 4:13-cv-00729-HSG<br><br>**STIPULATION AND ORDER MODIFYING VOUCHER FACE VALUE PROVISION OF STIPULATION OF SETTLEMENT** |

| | |
|---|---|
| 1 | Plaintiff Patrick Hendricks, the Settlement Class, and Defendant StarKist Co. ("the |
| 2 | Parties"), by and through and including their undersigned counsel, stipulate and agree as follows: |
| 3 | WHEREAS, the Parties entered into a Stipulation of Settlement to resolve class claims |
| 4 | asserted by Hendricks (Dkt. 184-1), and the Court certified a settlement class and granted final |
| 5 | approval of the settlement in an order dated September 29, 2016 (Dkt. 373); |
| 6 | WHEREAS, the Court retains continuing jurisdiction for purposes of implementing the |
| 7 | settlement (Stipulation of Settlement ¶ 8.10); |
| 8 | WHEREAS, the Parties wish to modify an administrative provision of the Stipulation of |
| 9 | Settlement, which will help the Parties in reducing costs; |
| 10 | WHEREAS, the Stipulation of Settlement requires that StarKist provide $4 million in food |
| 11 | voucher value to a Voucher Settlement Fund to satisfy the claims of Settlement Class Members |
| 12 | who elected to receive vouchers instead of cash (*id.* ¶ 2.1(b)); |
| 13 | WHEREAS, the Stipulation of Settlement provides that the "face value of each voucher |
| 14 | shall be an amount between $1.00 and $2.00 as determined by StarKist" (*id.* ¶ 2.4(c)); |
| 15 | WHEREAS, the Stipulation of Settlement also provides (among other things) that |
| 16 | "StarKist shall determine rules for voucher use, and voucher redemption by retailers will be |
| 17 | administered in accordance with procedures prescribed by StarKist," that the vouchers "shall, |
| 18 | subject to retailer policies, be redeemable at any retailer that sells the StarKist products," and that |
| 19 | the vouchers shall be "freely transferable, subject to reasonable measures to prevent fraud, |
| 20 | duplicating or counterfeiting of vouchers, (including but not limited to requirements concerning |
| 21 | printing and authentication, and use of serial numbers, UPC coding, specialized ink and/or paper, |
| 22 | watermarks, and/or holograms, and/or physical delivery – all subject to specification by StarKist)" |
| 23 | (*id.* ¶ 2.4(c)); |
| 24 | WHEREAS, the Stipulation of Settlement also requires StarKist to pay $8 million to a |
| 25 | Cash Settlement Fund, which will be used (among other things) to pay voucher-related expenses, |
| 26 | including (a) notice and other administrative costs actually incurred by the Settlement |
| 27 | Administrator (whose fees for the entire notice and administration process are capped at $675,000) |
| 28 | and (b) "voucher and check distribution costs," prior to distribution of the remaining cash amounts |

Hogan Lovells US LLP
Attorneys At Law
San Francisco

to Settlement Class Members with valid cash claims (*id.* ¶ 2.1(a));

WHEREAS, the Parties are informed that in light of the specialized voucher requirements outlined above, not all of the voucher-related tasks can be performed by the Settlement Administrator or encompassed within its capped $675,000 fee;

WHEREAS, the Stipulation of Settlement limits StarKist's "total financial commitment and obligation" to $12 million (*id.* ¶ 2.2);

WHEREAS, based on recent data provided by the Settlement Administrator, the Parties estimate that the total number of valid voucher claims is 793,717, resulting in approximately $5.03 in food voucher value per claimant;

WHEREAS, the existing face value provision would require issuance of at least three vouchers per claimant, resulting in substantial additional expense associated with voucher design, printing, mailing and redemption (*id.* ¶ 2.4(c));

WHEREAS, the parties wish to amend the face value provision to permit issuance of a single voucher per claimant, with a face value equal to the full amount of the voucher for each claimant (currently estimated at $5.03);

WHEREAS, based on recent information provided by the Settlement Administrator, the proposed amendment would reduce voucher-related costs by nearly two-thirds;

WHEREAS, the proposed amendment would substantially reduce voucher expenses – without reducing the amount of food voucher value provided to Settlement Class Members who elected to receive vouchers;

WHEREAS, as part of this stipulation and in order to reduce deductions from the Cash Settlement Fund, StarKist will agree to bear voucher design and redemption costs, notwithstanding the provision in the Stipulation of Settlement limiting its total financial commitment to $12 million;

NOW, THEREFORE, the Parties stipulate and agree that the face value provision of the Stipulation of Settlement shall be amended to permit StarKist to issue one voucher per claimant with a face value equal to the total dollar value to which each voucher claimant is entitled under the terms of the Stipulation of Settlement.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

Dated: January 7, 2019  HOGAN LOVELLS US LLP

By: */s/ J. Christopher Mitchell*
J. Christopher Mitchell
Attorneys for Defendant
STARKIST CO.

Dated: January 7, 2019  BURSOR & FISHER, P.A.

By: */s/ L. Timothy Fisher*
L. Timothy Fisher
Attorneys for Plaintiff
PATRICK HENDRICKS

## **ATTESTATION**

I, J. Christopher Mitchell, hereby attest, pursuant to N.D. Cal. Local Rule 5.1(i)(3), that concurrence to the filing of this document has been obtained from each signatory hereto.

*/s/ J. Christopher Mitchell*
J. Christopher Mitchell

## **ORDER**

The Court has considered the above Stipulation and finds that it is in the interests of all Parties and in service of judicial economy and efficiency. Therefore,

IT IS SO ORDERED this 15th day of February, 2019.

_____
HON. HAYWOOD S. GILLIAM, JR.