ROBERT C. HOLTZAPPLE (SBN 145954)
bob@epholtzlaw.com
EPSTEIN + HOLTZAPPLE LLP
369-B Third Street, #182
San Rafael, CA 94901
Telephone: (415) 755-2625
Facsimile: (415) 482-7542

Attorneys for KCC Class Action Services, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HENDRICKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STARKIST CO.,<br><br>Defendant. | Case No. 4:13-cv-00729-HSG<br><br>**CLAIMS ADMINISTRATOR KCC CLASS ACTION SERVICES, LLC'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE FEE CAP INCREASE AND PAYMENT OF FEES**<br><br>Date: October 3, 2019<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 4th Floor<br>Hon. Haywood S. Gilliam, Jr. |

**NOTICE OF MOTION AND MOTION**
**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on October 3, 2019 at 2:00 pm, or as soon thereafter as the matter may be heard by the above-captioned Court, located at 1301 Clay Street, Oakland, California, Courtroom 2, 4th Floor, in the courtroom of the Honorable Haywood S. Gilliam, Jr., KCC Class Action Services, LLC ("KCC") will and hereby does move for an order increasing the administrative fee cap and authorizing payment of fees.

This motion is made on the grounds that there was a change in the scope of work which caused KCC to incur additional fees above the agreed upon estimate and will result in additional fees going forward to complete the distribution. This motion is based on the attached Motion, the papers and evidence on file in this case, and such evidence and argument as may be received at the hearing.

| | |
|---|---|
| 1 | |
| 2 | EPSTEIN + HOLTZAPPLE LLP |
|   | DATED: May 23, 2019 |
| 3 | |
| 4 | By: ___/s/_____ |
| 5 | Robert C. Holtzapple |
| 6 | |
| 7 | ATTORNEYS FOR KCC CLASS ACTION SERVICES, LLC |

## INTRODUCTION

At the time Settlement Administrator KCC Class Action Services LLC ("KCC") estimated the fees for notice and administration of this class action settlement, KCC assumed that there would be 200,000 claims submitted, and that processing those claims would lead to issuing 80,000 postcard vouchers and 120,000 check payments. In fact, KCC has received more than 2.5 million claims, and now anticipates that it will issue more than 900,000 cash awards by electronic payment, almost 400,000 checks and almost 800,000 postcard vouchers.

Due to the dramatic and unexpected change in scope of the work related to the administration of this class action settlement, KCC seeks to increase the administrative fee cap by $618,308 (to $1,293,308 in total). KCC requests that this amount be paid from a combination of the Cash Settlement Fund and uncashed checks as discussed in detail below. Importantly and as explained in detail below, even after granting KCC's request, cash awards to qualifying claimants will be for approximately $2.39 each – substantially higher than the $1.97 approved in the Final Approval Order. *See Order Granting Final Approval of Settlement; Granting in Part and Denying in Part Motion for Attorneys' Fees* (the "Final Approval Order") (Dkt. No. 373), at p. 8.

## BACKGROUND

Pursuant to the *Order Granting Preliminary Approval* (the "Preliminary Approval Order") dated July 23, 2015 (Dkt. No. 194), the Court approved KCC as the claims administrator, to "among other things, provide notice, calculate awards, process requests for exclusion and objections, and mail class members their settlement awards." *Preliminary Approval Order*, at p. 14. Additionally, the Preliminary Approval Order provided that the "settlement administrator's actual costs and expenses in carry out its duties are capped at $675,000." *Id.* at p. 3.

KCC agreed to the estimated fees for notice and administration of this class action at $675,000 while estimating the actual cost of providing the claims administration services at $671,996, including the cost of the distribution of the settlement funds and vouchers. *See Declaration of Phil Cooper in Support of KCC Class Action Service, LLC's Motion for Administrative Fee Cap Increase and Payment of* Fees (the "Cooper Declaration") at ¶ 3. KCC's

estimate (the "Estimate") was based on information provided by Class Counsel as well as KCC's industry knowledge and included a "Not-to-Exceed" amount of $675,000, with the caveat that the "'Not-to-Exceed Amount' is contingent upon no significant change in the scope of work and does not contain taxes." Cooper Declaration at ¶ 4-5. KCC based its original estimate on 200,000 claimants. Included in that estimate was the cost for processing those 200,000 claims and issuing 80,000 postcard vouchers and 120,000 check payments. Cooper Declaration at ¶ 7.

In estimating costs for the tasks KCC projects hourly rates and unitized pricing for the work to be performed based on input from the parties about the settlement and the scope of work.[1] Regardless of the projected scope of work, KCC is required to faithfully administer the settlement according to the realities of the administration and at the direction of the parties and the Court.

In this case, the viral nature of this settlement caused the scope of work to expand far beyond the initial projections. KCC actually received 2,512,184 total claims and now anticipates that it will issue the following: 910,121 cash awards by electronic payment, 390,052 cash awards by check payment, and 793,717 vouchers by mail. This increase in payments and vouchers to be issued also results in an increase in number of address updates, printing costs, time associated with processing undeliverable checks and vouchers, and increased accounting time. Cooper Declaration at ¶ 9.

## ARGUMENT

### I. KCC is Entitled to Additional Fees and Costs Because the Scope of Work Exceeded Assumptions Made in the Estimate.

The Estimate was based on the receipt of 200,000 claims. KCC actually received 2,512,184 claims. This increase in the number of filed claims caused KCC to incur additional processing costs and fees totaling $1,799,568 over the allowed cap. KCC is willing, however to provide a volume discount and voluntarily reduce the amount of fees already billed to $866,099, which is $191,099

---

[1] Although KCC strives to accurately estimate the fees that will be incurred in administering a settlement, sometimes the estimates have been substantially off the mark. In these events, other courts have approved KCC's requests for adjustments to KCC's fees. *See, e.g.*, the May 15, 2018 Order Granting Settlement Administrator Kurtzman Carson Consultants LLC's Motion for Payment of Additional Administrative Fees and Expenses in *Cole v. Asurion Corp.*, Case No. 2:06-cv-06649-R-JC.

over the cap. This amount does not include the additional fees and costs associated with the cash and voucher distributions discussed below.

The Estimate was further based on the issuance of 80,000 postcard vouchers and 120,000 checks to Class Members. Due to the increased volume of claims received, KCC actually will issue 793,717 vouchers and 1,300,173 cash payments. This will result in increased costs and expenses associated with address updates, printing costs, time associated with processing undeliverable checks and vouchers, and increased accounting time.

As a result of these factors, KCC incurred fees and costs over the Estimate, and will continue to incur fees and costs in connection with the distribution. The additional fees and costs requested by KCC are the direct result of the higher volume of claims and resulting increased transactional costs and associated staff hours.

## II.     Payments to Class Members Will Not Be Significantly Affected by Increasing KCC's Fee Cap

Pursuant to Section 2.1(a) of the Stipulation of Settlement filed on May 14, 2015 (Dkt No. 183-1) (the "Settlement Agreement"), the Notice and Other Administrative Costs are to be paid from the $8,000,000 Cash Settlement Fund. After taking the allocated reductions from the Cash Settlement Fund per the Settlement Agreement, $3,571,823.53 remains in the Cash Settlement Fund.[2]   Dividing this amongst the 1,300,173 cash awards would result in payments of approximately $2.74 per claimant – a number substantially higher than the $1.97 approved in the Final Approval Order. *See Order Granting Final Approval of Settlement; Granting in Part and Denying in Part Motion for Attorneys' Fees* (the "Final Approval Order") (Dkt. No. 373), at p. 8.

Due to the dramatically increased scope of work encountered for the administration of the settlement, KCC asks to be paid an additional $618,308 from the Cash Settlement Fund. KCC proposes that $150,000 of this amount be paid from uncashed check funds and the remainder of the fees from the Cash Settlement Fund. Pursuant to Section 2.9 of the Settlement Agreement, "Any cash remaining in the Cash Settlement Fund after payments of valid Cash Claims shall remain in

---

[2] This amount does not include KCC's $675,000 payment which pursuant to section 2.3(a) of the Settlement Agreement will be paid into the Cash Settlement Fund within thirty (30) days of being invoiced.

the Cash Settlement Fund pending further order of the Court. Class Counsel shall make an application to the Court to seek approval for proposed disposition of any such remaining cash." KCC anticipates distributing approximately 390,000 payments of approximately $2.00. Assuming a 20% uncashed rate, there would be approximately $156,000 remaining in the Cash Settlement Fund which Class Counsel could request to be paid to KCC. KCC is therefore asking to be paid an additional $468,308 from the Cash Settlement Fund,[3] leaving a distributable amount of $3,103,515.53. Dividing this amongst the 1,300,173 cash awards results in payments of approximately $2.39 per claimant -- substantially higher than the $1.97 the Court approved for payment in the Final Approval Order. *See Order Granting Final Approval of Settlement; Granting in Part and Denying in Part Motion for Attorneys' Fees* (the "Final Approval Order") (Dkt. No. 373).

//
//
//
//
//
//
//
//
//
//
//
//
//
//

---

[3] If KCC is paid the original $675,000 per the estimate, plus the additional fees incurred (as reduced) in the amount of $191,099, plus the estimate for work going forward in the amount of $427,209, KCC will be paid a total of $1,293,308.

## CONCLUSION

KCC has been required to administer a settlement that had more than 12 times the number of estimated claimants. Although KCC has done what it reasonably could to manage its costs in light of the increased number of claims, the unexpected and dramatic increase in the number of claimants has led to a substantial increase in KCC's costs. Justice, therefore, requires that KCC's fee be increased such that KCC be paid an additional $468,308 from the Cash Settlement Fund and $150,000 from the uncashed checks funds.

Dated: May 23, 2019                                  EPSTEIN + HOLTZAPPLE LLP


                                                     By: _____/S/_____
                                                            Robert C. Holtzapple

                                                     ATTORNEYS FOR KCC CLASS ACTION
                                                     SERVICES, LLC